[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 4, 2011
JOHN LEY
CLERK

No. 10-10904
Non-Argument Calendar
_____

Agency No. A097-924-384


NINOSKA ZEUDI SANCHEZ DE PETIT,
ELIO NICOLAS PETIT-ORELLANES,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 4, 2011)

Before EDMONDSON, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Ninoska Sanchez De Petit, a native and citizen of Venezuela, petitions for

review of the order by the Board of Immigration Appeals ("BIA") affirming the

decision of the Immigration Judge ("IJ"). The IJ's decision denied asylum[1] and withholding of removal.[2] No reversible error has been shown; we dismiss the petition in part and deny it in part.

We review the BIA's decision in this case because the BIA did not expressly adopt the IJ's decision. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) (noting that we review the BIA's decision; but "[i]nsofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well"). We review de novo legal determinations of the BIA. Id. And we review fact determinations under the "highly deferential substantial evidence test" whereby we "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Adefemi v. Ashcroft, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc) (citation and internal quotation omitted). We "view the record evidence in the light most favorable to the [BIA's] decision and draw all reasonable inferences in favor of that decision"; and we may reverse the BIA's fact determinations "only when the record compels a reversal." Id. at 1027.

_____

[1]Petitioner included her husband as a derivative beneficiary in her asylum application; so our decision on asylum applies to him as well.

[2]Petitioner raises no challenge to the portion of IJ's decision denying relief under the Convention Against Torture; so that issue is abandoned. See Sepulveda v. U.S. Attorney Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

2

On appeal, Petitioner argues that the BIA did not consider adequately her justifications for not filing timely her asylum application.[3] As the government notes correctly, we lack jurisdiction over this claim. Pursuant to 8 U.S.C. § 1158(a)(3), we are without jurisdiction "to review a decision [about] whether an alien complied with the one-year time limit or established extraordinary circumstances that would excuse [the] untimely filing." Mendoza v. U.S. Attorney Gen., 327 F.3d 1283, 1287 (11th Cir. 2003). Here, the BIA considered Petitioner's testimony about why she did not file her asylum application on time; and we are without jurisdiction to review the BIA's untimeliness determination. We dismiss the petition for review on asylum.

We have jurisdiction only over Petitioner's withholding of removal claim.[4] To establish eligibility for withholding of removal, an alien must show "that [her] life or freedom would be threatened on account of" a protected ground, including political opinion. Delgado, 487 F.3d at 860-61. An alien seeking such relief bears the burden of demonstrating that she "more-likely-than-not would be persecuted or tortured upon" return to the country in question. Id. at 861. To meet this burden,

---

[3]Petitioner entered the United States in January 2001 and filed her asylum application in January 2004.

[4]As a derivative beneficiary, Petitioner's husband is ineligible for withholding of removal even if Petitioner is granted such relief. See Delgado v. U.S. Attorney Gen., 487 F.3d 855, 862 (11th Cir. 2007).

the alien must show either: "(1) past persecution in [her] country based on a protected ground, in which case a rebuttable presumption is created that [her] life or freedom would be threatened if [she] returned to [her] country, or (2) a future threat to [her] life or freedom on a protected ground in [her] country." Id. (internal quotations omitted).

Here, Petitioner sought relief based on her political opinion: she opposed the regime of President Hugo Chavez. Petitioner and her husband both were active members of the Democratic Action Party. Their involvement included handing out propaganda and coordinating demonstrations. Petitioner and her husband began receiving threatening phone calls from members of the Bolivarian Circles (a pro-Chavez organization), who told them to stop opposing the revolution and to stop their political activism. These phone calls became more frequent.

One evening, when Petitioner and her husband were returning home from church, they were stopped by three masked and armed men. The men threatened them and told them to stop opposing the government. In addition, the men hit Petitioner's husband with the butt of a gun and dragged Petitioner by her hair and hit her. The men also tied the two up and left them; but they were able to get

4

away. Petitioner reported this incident to the police, but no investigation was undertaken.

Petitioner and her husband moved in with her father-in-law who lived a few hours away from their home. But they continued to receive threatening phone calls there; and Petitioner's husband fled to the United States. Petitioner remained in Venezuela and moved in with her father. She again was stopped by members of the Bolivarian Circles near her father's home. The men pointed guns at her and pushed her inside a car. Petitioner stated that she was beaten and threatened and kept captive for about an hour before the men dropped her off from where they had taken her. After this incident, Petitioner joined her husband in the United States.

In pertinent part, the IJ concluded that the incidents described by Petitioner did not rise to the level of past persecution; and the BIA agreed with the IJ's assessment of the incidents.[5] On appeal, Petitioner argues that the incidents she endured at the hands of the Bolivarian Circles amounted to past persecution and

---

[5]The IJ and BIA also concluded that Petitioner did not establish a clear probability of future persecution based on her political activities if she returned to Venezuela. On appeal, Petitioner makes no challenge to this conclusion and has, thus, abandoned any challenge to it. See Sepulveda, 401 F.3d at 1228 n.2.

that the IJ and BIA erred by considering the incidents in isolation instead of cumulatively.

We conclude that substantial evidence supports the BIA's decision that Petitioner did not demonstrate past persecution; and we are not compelled to reverse the decision. We have explained that persecution is an "extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and that mere harassment does not amount to persecution." See Sepulveda, 401 F.3d at 1231 (citation and internal quotations omitted); see also Ruiz v. Gonzalez, 479 F.3d 762, 766 (11th Cir. 2007) (explaining that the BIA must review the cumulative effect of an applicant's events to determine whether the events cumulatively amount to past persecution). The events Petitioner experienced -- including threatening phone calls, two face-to-face encounters with members of the Bolivarian Circles where she suffered some bruising, was held at gunpoint and tied up, and detained for an hour -- are insufficiently extreme to establish persecution. See Djonda v. U.S. Attorney Gen., 514 F.3d 1168, 1174 (11th Cir. 2008) (concluding that a 36-hour detention, during which petitioner was verbally threatened, ordered to disrobe and beaten, and suffered scratches and bruises requiring a two-day hospital stay, did not rise to the level of persecution).

Contrary to Petitioner's assertion, both the IJ and BIA considered the incidents in their totality, as required.

Because Petitioner did not demonstrate that she more likely than not would be persecuted if she returned to Venezuela, we deny her petition for review on withholding of removal.[6]

PETITION DISMISSED IN PART, DENIED IN PART.

---

[6]We reject Petitioner's argument that the BIA erred in not addressing the IJ's credibility determination. The BIA dismissed Petitioner's appeal on grounds other than credibility; and we are reviewing only the BIA's decision. We also reject Petitioner's argument that the BIA failed to evaluate properly her withholding of removal claim.