[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14781
Non-Argument Calendar
_____

D. C. Docket No. A097-924-384

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 23, 2012
JOHN LEY
CLERK

NINOSKA ZEUDI SANCHEZ DE PETIT,
ELIO NICOLAS PETIT-ORELLANES,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Appeal from the United States District Court
from the Board of Immigration Appeals

_____

(February 23, 2012)

Before EDMONDSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Ninoska Sanchez De Petit ("Sanchez"), a native and citizen of Venezuela, petitions for review of the order by the Board of Immigration Appeals ("BIA") denying her motion for reconsideration of its February 2010 order.[1] In that order, the BIA dismissed Sanchez's appeal of the Immigration Judge's ("IJ's") decision denying asylum and withholding of removal.[2] No reversible error has been shown; we dismiss the petition in part and deny it in part.

We have already addressed Sanchez's petition for review of the BIA's February 2010 order. See Sanchez De Petit v. U.S. Att'y Gen., 421 F. App'x 945 (11th Cir. 2011) (unpublished). In that decision, we detailed the factual basis for Sanchez's claims for asylum and withholding of removal. See id. at 947. In essence, Sanchez alleged that a partisan group of the Hugo Chavez government -- called the Bolivarian Circles -- persecuted her and her husband on account of their political opinion. Id. The IJ denied Sanchez's asylum application as untimely and denied withholding of removal, concluding that even if Sanchez was credible, the

---

[1] Sanchez's husband, Elio Petit-Orellanes, was listed as a derivative beneficiary in Sanchez's asylum application and was treated as a joint applicant in Sanchez's application for withholding of removal based on the same facts. Because the motion for reconsideration and this petition for review were filed on behalf of both Sanchez and her husband, our decision applies to both Petitioners.

[2] Sanchez does not challenge the portion of the BIA's decision denying relief under the Convention Against Torture; so that issue is abandoned. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

incidents she described did not rise to the level of past persecution. The BIA

affirmed and dismissed Sanchez's appeal.

In her first petition for review of the BIA's denial of withholding of

removal, Sanchez argued that the BIA erred when it: (1) considered her past

incidents of harm individually instead of cumulatively; (2) concluded that she

failed to meet her burden for withholding of removal because she failed to meet

the lower burden for asylum; and (3) failed to address her claim that the IJ's

adverse credibility finding was unsupported by the record. We rejected these

arguments, concluding that the BIA considered Sanchez's past incidents in their

totality, evaluated her withholding of removal claim under the proper standard,

and dismissed her appeal on grounds other than credibility. Id. at 948, 948 n.6.

While Sanchez's first petition for review was still pending before us, she

filed a motion for reconsideration with the BIA. In her motion, she challenged the

BIA's denial of withholding of removal based on the same three arguments she

raised in her first petition for review in this Court.[3] The BIA denied the motion,

and Sanchez reasserts the same three arguments in her instant petition for review.[4]

---

[3]Sanchez also argued that our decision in Diallo v. U.S. Att'y Gen., 596 F.3d 1329 (11th Cir. 2010), constituted a change in the applicable law. Because she does not raise that issue on appeal, it is abandoned. See Sepulveda, 401 F.3d at 1228 n.2.

[4]Sanchez also challenges the BIA's conclusion that her asylum application was untimely. We dismiss the petition for review on asylum for lack of jurisdiction. See Mendoza v. U.S. Att'y Gen.,

Because we have already rejected each of the arguments that Sanchez raises on appeal when we denied her first petition for review, she is precluded from raising them again. Under the "law of the case" doctrine, an appellate court's factual findings and legal conclusions are "generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal." Mega Life & Health Ins. Co. v. Pieniozek, 585 F.3d 1399, 1405 (11th Cir. 2009). The exceptions to this rule are when: "(1) a subsequent trial produces substantially different evidence; (2) controlling authority has since made a contrary decision of law applicable to that issue; or (3) the prior decision was clearly erroneous and would work a manifest injustice." Id. Because these exceptions are inapplicable here, we deny Sanchez's petition for review of her withholding of removal claims as barred by the law of the case doctrine. Furthermore, the BIA did not abuse its discretion in determining that Sanchez failed to establish an error of law or fact sufficient to warrant reconsideration of her case.

PETITION DISMISSED IN PART, DENIED IN PART.

---

327 F.3d 1283, 1287 (11th Cir. 2003) (explaining that, pursuant to 8 U.S.C. § 1158(a)(3), we are without jurisdiction "to review a decision [about] whether an alien complied with the one-year time limit or established extraordinary circumstances that would excuse [the] untimely filing").