[PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

NO. 08-14414
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 19, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-01060-CV-AR-S


MEGA LIFE AND HEALTH INSURANCE COMPANY, THE,

Plaintiff-Counter-Defendant-
Appellant, Cross-Appellee,

versus

DONALD D. PIENIOZEK,
individually and as administrator of
the estate of Kellie O. Pieniozek, Deceased,

Defendant-Counter-Claimant-
Appellee, Cross-Appellant,

ESTATE OF KELLIE O. PIENIOZEK,
Deceased,

Defendant.
_____

Appeals from the United States District Court
for the Northern District of Alabama
_____

(October 19, 2009)

Before CARNES and PRYOR, Circuit Judges, and DOWD,[*] District Judge.

DOWD, District Judge:

I.  Overview

This appeal is the second appeal in this case before the Court.  In the first appeal, the Court vacated the district court's grant of summary judgment in favor of Mr. Pieniozek ("Pieniozek") on Mega Life and Health Insurance Company's ("Mega") claim for rescission of Ms. Pieniozek's life insurance policy and Pieniozek's counterclaim for breach of contract, and remanded the case for determination by a fact-finder as to Mega's obligation to pay the life insurance contract.  *Mega Life & Health Ins. Co. v. Pieniozek*, 516 F.3d 985, 991 (11th Cir. 2008).  On remand, the district court conducted a bench trial over Mega's objection that the case should have been tried to a jury.  At the conclusion of the trial, the district court found for Pieniozek and entered a money judgment in his favor.

The preliminary issue on appeal is whether the district court erred in determining that no jury trial was effectively demanded on the single remaining issue regarding the life insurance policy before the district court on remand, i.e.,

_____

[*]Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

Mega's obligation to pay, or in different terms, Pieniozek's entitlement to payment. We conclude that the district court properly determined that no timely jury demand was filed and served by either party with respect to the only issue before it on remand. Further, we find no error with respect to Mega's remaining issues on appeal, and affirm the judgment of the district court.

II. Facts and Procedural History

The basic facts are as follows. In September 2004, Kellie Pieniozek applied for a life insurance policy with Mega and also applied for accidental death coverage. The application reflected an income of $700 per week. Mega issued a life insurance policy to Ms. Pieniozek with a death benefit of $500,000 and an accidental death benefit of $300,000.

Ms. Pieniozek died on December 14, 2004 in a single-car accident when she swerved to avoid striking a deer. Defendant was a passenger in the car at the time. Mega does not contend suicide or foul play in connection with Ms. Pieniozek's death.

After Pieniozek filed a claim with Mega on his wife's life insurance policy, Mega discovered that Ms. Pieniozek was earning much less than $700 per week. Mega claims that if it had known Ms. Pieniozek's actual income, it would have not

issued a policy, or it would have issued a policy with lower coverage.

On May 20, 2005, Mega filed a two count complaint for declaratory judgment. Count 1 of the complaint sought a declaration that Mega was entitled to rescind Kellie Pieniozek's life insurance policy on the grounds that Ms. Pieniozek misrepresented her income on the policy application. In Count 2, Mega sought an alternative declaration that if the district court determined that Mega was not entitled to rescission, the accidental death benefit was not payable because accidental death was not established by an autopsy. No jury was demanded.

Pieniozek filed an answer on October 18, 2005. The answer was a general denial and no jury was demanded. On December 6, 2005 and without leave of court, Pieniozek filed an amended answer which included a jury demand. Except for the jury demand, the amended answer was identical to the original answer.

After Mega moved for summary judgment and with leave of the district court, Pieniozek filed counterclaims, with jury demand, for payment on the life insurance policy (Count 1) and bad faith (Count 2). Mega answered and also moved for summary judgment on the counterclaims. Pieniozek opposed Mega's motion and moved for summary judgment on his counterclaim for breach of contract.

The district court granted Mega's motion for summary judgment as to Pieniozek's bad faith claim, but granted Pieniozek's motion for summary judgment as to the contract claim and entered judgment for Pieniozek. Both sides appealed. This Court affirmed the district court in granting summary judgment in favor of Mega on Pieniozek's bad faith claim, but vacated and remanded for resolution by a fact-finder the issue of Mega's obligation and Pieniozek's entitlement under the life insurance policy. *See Mega Life & Health Ins. Co.*, 516 F.3d 985.

Upon remand, the district court rejected Mega's claim that it was entitled to a jury and conducted a bench trial. In an oral opinion setting forth the findings of fact to justify his conclusions, the district court awarded judgment to Pieniozek in the total sum $800,000 on the life insurance policy, plus interest calculated at the rate of 6% in the sum of $160,832.80, for a total judgment of $960,832.80. A motion by Mega pursuant to Fed. R. Civ. P. 59 was partially granted by the district court, and the judgment was reduced to $959,916.16 because of an adjustment in the interest calculation.

Both parties again appealed. Mega's appeal claims that the district court erred by ruling that a jury trial was not required on remand, by not applying the

"law of the case" with respect to the insured's annual income and finding the term "annual income" to be ambiguous, and by awarding pre-judgment interest at a rate of 6%. Pieniozek acknowledges that his appeal regarding dismissal of his amended cross-claim is moot unless the case is remanded.

III. Law and Analysis

A.     Neither Party Timely Demanded a Jury Trial

The first issue requiring resolution by this Court is whether the district court properly denied Mega's contention it was entitled to a trial by jury upon remand from the first appeal. We address that issue at the outset because if the district court erred, a reversal and remand would be required.

Interpretation of the Federal Rules of Civil Procedure presents a question of law subject to *de novo* review, and denial of a jury trial is reviewed with the most "exacting scrutiny." *City of Morgantown v. Royal Ins. Co.*, 337 U.S. 254, 258-60, 69 S. Ct. 1067, 1070, 93 L. Ed. 1347 (1949); *Burns v. Lawther*, 53 F.3d 1237, 1240 (11th Cir. 1995) (citing *McBride v. Sharpe*, 25 F.3d 962, 967-68 (11th Cir. 1994)). The right to trial by jury is fundamental, and this Court "indulge[s] every reasonable presumption against waiver." *LaMarca v. Turner*, 995 F.2d 1526, 1544 (11th Cir. 1993) (quoting *Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393, 57

S. Ct. 809, 812, 81 L. Ed. 1177 (1937)).

Rule 38 of the Federal Rules of Civil Procedure preserves the right of trial by jury as declared by the Seventh Amendment to the Constitution, and provides that:

> **(b)    Demand.**  On any issue triable of right by a jury, a party may demand a jury trial by:
>
> **(1)**    serving the other parties with a written demand—which may be included in a pleading—no later than 10 days after the last pleading directed to the issue is served; and
>
> **(2)**    filing the demand in accordance with rule 5(d).

Fed. R. Civ. P. 38(b).

In its complaint, Mega sought a declaration that it was entitled to rescind Kellie Pieniozek's life insurance policy because the annual income stated on her insurance application was a material misrepresentation.  This case came before the district court on diversity jurisdiction, and under Alabama law, materiality of a misrepresentation on a policy application is triable by a jury.  *Bennett v. Mutual of Omaha Ins. Co.*, 976 F.2d 659, 661 (11th Cir. 1992) (citing *Federal Kemper Life Assurance Co. v. First Nat'l Bank*, 712 F.2d 459, 462 (11th Cir. 1983); *State Farm Ins. Co. v. Whiddon*, 515 So. 2d 1266 (Ala. Civ. App. 1987)); *Alfa Life Ins. Corp. v. Lewis*, 910 So. 2d 757, 762 (Ala. 2005) (citing *Bennett*, 976 F.2d at 661; *Clark*

*v. Ala. Farm Bureau Mut. Cas. Ins. Co.*, 465 So. 2d 1135 (Ala.Civ.App. 1984)). Mega could have demanded a jury trial in its complaint for rescission but failed to do so.

Pieniozek answered on October 18, 2005 in the form of a general denial and did not make a jury demand. On December 6, 2005, Pieniozek filed, without leave of the district court, an amended answer which included a jury demand. The amended answer was identical to the original answer save for the jury demand.

Amendments not introducing new issues do not renew a party's right to demand a jury trial. *Guajardo v. Estelle*, 580 F.2d 748, 753 (5th Cir. 1978) (citing *Conn. General Life Ins. Co. v. Breslin*, 332 F.2d 928, 931 (5th Cir. 1964) ("The original answer of the appellant, which did not contain a demand for a jury trial, contained a denial of the allegations of the appellee's complaint . . . . The amended answer, which contained a demand for a jury trial, . . . did not raise any issues which were in any material way different from those presented by the original answer. In such a case the waiver originally made remains effective and the subsequent demand is ineffective.")), *abrogated on other grounds by Thornburg v. Abbott*, 490 U.S. 401, 423-24, 109 S. Ct. 1874, 104 L. Ed. 2d 459 (1989). Pieniozek's amended answer demanding a jury trial was ineffective because it was

outside the time parameters for demanding a jury trial established by Rule 38 and did not raise new issues upon which a party may properly demand a jury trial.

Subsequently, with leave of the district court, Pieniozek filed counterclaims for breach of contract and bad faith. The counterclaims included a jury demand.

The question that emerges is whether Pieniozek's counterclaim for breach of contract, accompanied by a request for a jury, raised a new issue within the meaning of Rule 38 that would give rise to a renewed right to demand a jury. "The term 'new issues' has been interpreted to mean new issues of fact, not new theories of recovery." *Guajardo*, 580 F.2d at 753; *see also LaMarca*, 995 F.2d at 1545.

Mega's obligation to pay the policy and Pieniozek's entitlement to payment under the policy are two sides of the same coin. Defendant's counterclaim for breach of contract is not a new issue for the purposes of Rule 38, but simply a different version of the denial in his answer to plaintiff's claim for rescission. Neither Mega nor Pieniozek made a timely jury demand on the issue of Mega's obligation/Pieniozek's entitlement under the policy. *See Lanza v. Drexel & Co.*, 479 F.2d 1277, 1310 (2d Cir. 1973) (*en banc*) (complaint placed defendant on notice of underlying facts and basic legal theory upon which relief was sought and

9

amendment did not raise "new issues" for purposes of Rule 38).

Accordingly, even indulging every reasonable presumption against waiver, we find no error in the district court's determination that the parties were not entitled to a jury trial on the issue of rescission-breach of contract  before the district court upon remand from the first appeal.

B.      District Court Did Not Violate "Law of the Case"

A district court's ruling on the application of the "law of the case" doctrine is subject to *de novo* review.  *Transamerica Leasing, Inc. v. Inst. of London Underwriters*, 430 F.3d 1326, 1331 (11th Cir. 2005).  Under this doctrine, "'findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal.'"  *Id.* (quoting *Heathcoat v. Potts*, 905 F.2d 367, 370 (11th Cir. 1990)).  However, the law of the case doctrine does not apply to bar reconsideration of an issue when: "(1) a subsequent trial produces substantially different evidence; (2) controlling authority has since made a contrary decision of law applicable to that issue; or (3) the prior decision was clearly erroneous and would work a manifest injustice."  *Heathcoat*, 905 F.2d at 371.

On remand and after a bench trial, the district court ruled that Mega was not

entitled to rescission or reformation. Among other findings of fact supporting that conclusion, the district court found that "I don't believe that Mr. Waliagha's testimony that [Ms. Pieniozek] told him [her income was] $700 a week. I find it incredible and I do not believe it."

Mega now argues on appeal that the district court's finding of fact that Ms. Kellie Pieniozek did not tell her insurance agent, Ahmed Waliagha, that she earned $700 per week violated the "law of the case" because that finding is directly contrary to the findings of fact set forth in this Court's opinion in the first appeal vacating the district court's entry of summary judgment in favor of defendant. The statement to which Mega refers in this Court's earlier opinion is "Mrs. Pieniozek told [Ahmed] Waliagha[, a Mega agent,] that she was earning $700 per week." *Mega Life & Health Ins. Co. v. Pieniozek*, 516 F.3d at 987.

First, the Court finds that the above-referenced statement does not constitute the "law of the case." This Court's prior ruling on appeal vacated the district court's grant of summary judgment in favor of Pieniozek and remanded the case for a fact-finder to determine whether Mega had an underwriting policy tying the amount of life insurance coverage to annual income, "and whether it would have, in good faith, declined to issue the policy or reduced the amount of Mrs.

11

Pieniozek's coverage if it had known her true income." *Id.* at 990-91. If and how Ms. Pieniozek misrepresented her income to Mega's agent, Ahmed Waliagha, is one of the relevant questions of fact to be determined by the fact-finder on remand from this Court as to whether Mega would have in good faith declined to issue the policy or reduced the amount of coverage.

Second, this Circuit recognizes an exception to the "law of the case" doctrine when a subsequent trial produces substantially different evidence. See *Heathcoat*, 905 F.2d at 371. The district court conducted a bench trial and heard testimony regarding the facts surrounding Ms. Pieniozek's life insurance application. After hearing all the testimony and taking into account all of the evidence, the district court did not find the testimony of Mega's agent credible and found that Ms. Pieniozek did not tell Mega's agent that her income was $700 per week. Therefore, even if the Court's language could be construed as establishing the "law of the case," the subsequent bench trial and substantially different finding of fact by the district court on that issue would fall within this exception to the doctrine.

Accordingly, the Court finds that the district court did not err with respect to the "law of the case" doctrine as to the statement of Ms. Pieniozek's income on the

12

life insurance application.

C.    No Error In Conclusion That "Annual Income" Was Ambiguous

Mega further claims on appeal that it was unfairly prejudiced by the district court's consideration on remand of whether the term "annual income" in Ms. Pieniozek's life insurance application was ambiguous, and further that the district court erred in concluding the term "annual income" was ambiguous. The Court finds that no error occurred.

First, Mega was not unfairly prejudiced by the district court's consideration of whether the term "annual income" in the life insurance application was ambiguous. This Court's charge to the district court on remand to determine Mega's obligation and Pieniozek's entitlement under the policy revolved around the issue of "annual income." The district court sought to determine the meaning of that term in resolving the parties' relative obligations and entitlements under the policy, and considering the ambiguity of that term as the first step in that analysis was not prejudicial to Mega.

Second, the term "annual income" is not defined by Mega in its insurance application. We find, like the district court, that the term is susceptible to two or more constructions and there was confusion as to its meaning and method of

13

calculation in the context of the life insurance policy. When a term is susceptible to multiple constructions, or there is reasonable doubt or confusion as to its meaning, the term is ambiguous as a matter of law. *Mega Life & Health Ins. Co.*, 516 F.3d at 992 ("'The terms of an insurance policy are ambiguous only if the policy's provisions are reasonably susceptible to two or more constructions or there is reasonable doubt or confusion as to their meaning.'" (quoting *State Farm Fire & Cas. Co. v. Slade*, 747 So. 2d 293, 308-09 (Ala. 1999))). We hold that the district court properly determined that the term "annual income" was ambiguous as a matter of law.

After determining an ambiguity exists, a district court should attempt to resolve the ambiguity by applying the well-settled rules of contract construction. *Id.* Ambiguity in an insurance contract is to be strictly construed against the drafter and liberally in favor of the insured. *Id.* at 992-93. If application of the rules of construction is insufficient to resolve the ambiguity, the resolution of the ambiguity becomes a task for the fact-finder. *Id.* at 992.

In this case the district court, acting as both judge and fact-finder, engaged in an extensive analysis regarding the meaning of the term "annual income." We find no error in the district court's determination that the term was ambiguous or

its resolution.

D.    No Error In Interest Rate

Mega also argues on appeal that the district court erred in determining that the pre-judgment interest owed on the judgment entered by the district court should be awarded at a rate of 6% under Ala. Code §§ 8-8-1 and 8-8-8. Mega claims that the policy limited the interest rate to 3.5%.

Based on the Alabama Code, the Supreme Court of Alabama has held that when "no written contract controls the interest rate . . . the legal rate of pre-judgment interest is 6 percent per annum." *Rhoden v. Miller*, 495 So. 2d 54, 58 (Ala. 1986).

The relevant life insurance policy provision at issue in this case provides as follows:

> We will figure the interest rate from the date of the Insured Person's death until the date of Our Payment. The interest rate will be 3.5% per year, or greater, if the interest rate, if any, [sic] required by law where this Policy is issued.

The Court notes that Mega's argument that the proper rate of interest to be applied was 3.5%, not 6%, was also the subject of Mega's Rule 59 motion below.

15

In denying Mega's Rule 59 motion regarding the applicable interest rate, the district court concluded that policy language regarding the applicable insurance rate was poorly worded and confusing. Construing this policy language together with the Alabama statute and case law regarding pre-judgment interest rates results in conclusions susceptible to more than one result. As a consequence, the district court concluded that the policy language regarding the applicable interest was ambiguous, construed the language in favor of the insured, and concluded that the policy language provided for the higher interest rate —6%—available under Alabama law.

For the reasons discussed above in section III(C) regarding ambiguous contract language, the Court finds no error in the district court's determination of the applicable interest rate.

IV. Conclusion

For the foregoing reasons, we find Mega's appeal to be without merit and affirm the judgment of the district court. Based on this ruling, Pieniozek's appeal regarding his amended cross-claim is moot and requires no consideration.

**AFFIRMED.**