[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-14731
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 2, 2010
JOHN LEY
CLERK

Agency Nos. A098-649-739, A098-649-741

LOLA MENDEZ-DE VASQUEZ,
HEIDY XIOMARA VASQUEZ-MENDEZ,
XENIA MARIA VASQUEZ-MENDEZ,
MARLON LEONEL MENDEZ-CHACON,
YESSENIA LISSETH CHACON-MENDEZ,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(June 2, 2010)

Before TJOFLAT, BIRCH and KRAVITCH, Circuit Judges.

PER CURIAM:

The Petitioners, Lola Mendez De Vasquez and members of her family,[1] seek review of an order by the Board of Immigration Appeals ("BIA") denying their motion to reconsider a 2008 order denying asylum and withholding of removal. After thorough consideration of the parties' arguments and the record, we DENY the petition for review.

## I. BACKGROUND

We previously denied a petition for review of the BIA's 2008 order. See Mendez-De Vasquez v. U.S. Att'y Gen., 345 Fed. Appx. 441 (11th Cir. 2009) (per curiam) (unpublished). Our earlier decision outlined in detail the Petitioners' claims for asylum and withholding of removal. See id. at 443-44. In brief, the Petitioners alleged that a criminal gang called the Mara Salvatrucha ("Maras") persecuted them in their native country of El Salvador on account of their political opinion and membership in a particular social group. Id. at 443. Following an evidentiary hearing, the Immigration Judge ("IJ") denied asylum and withholding of removal under the Immigration and Nationality Act ("INA") and the Convention Against Torture ("CAT"). Id. The BIA affirmed in December 2008

---

[1] Lola Mendez De Vasquez is the mother of petitioners Heidy Xiomara Vasquez-Mendez and Xenia Maria Vasquez-Mendez, and the aunt of petitioners and Marlon Leonel Mendez-Chacon and Yessenia Lisseth Chacon-Mendez .

on the ground that "'the alleged events do not rise to the level of past persecution on account of a protected ground.'" Id. In support of that decision, the BIA cited, among other cases, Matter of S-E-G-, 24 I. & N. Dec. 579 (BIA 2008) and Matter of E-A-G-, 24 I. & N. Dec. 591 (BIA 2008).

While their first petition for review was pending before us, the Petitioners filed a motion to reconsider with the BIA. The BIA denied the motion on 21 August 2009. Although the Petitioners "essentially reiterate[d] the arguments previously advanced," the BIA reviewed its prior decision and again concluded that the record supported the IJ's findings and conclusions. Administrative Record ("AR") at 2. In particular, the BIA clarified that it accepted the IJ's finding that one of the Petitioners had been raped. Nevertheless, the BIA concluded that the evidence, including the testimony by the Petitioners and the expert on country conditions, "is insufficient to demonstrate past persecution, or a well founded fear of persecution, *on account of political opinion or membership in a particular social group*." Id. Consequently, the BIA concluded that the Petitioners failed to satisfy their burden of proof for asylum or withholding of removal under the INA. The BIA again determined the Petitioners were ineligible for CAT relief as well.

On 8 September 2009, we issued our decision denying a petition for review

3

of the BIA's December 2008 order denying relief. See Mendez-De Vasquez, 345 Fed. Appx. at 441, 443. We concluded that the Maras committed private acts of violence against the Petitioners based on their refusal to join the Maras gang, rather than on account of the Petitioners' actual or imputed political opinion. See id. at 445. Additionally, we agreed with the BIA that the Petitioners' proposed social group – "poor girls who come from fatherless homes, with no adult male protective figures . . . who resist recruitment or criticize the Maras," and their family members – was not cognizable under the INA. Id. at 446. We further rejected the Petitioners' attempt to distinguish their case from Matter of S-E-G- and Matter of E-A-G-. See id. at 447. Because the Petitioners failed to establish their eligibility for asylum, we concluded that they were also ineligible for withholding of removal under the INA.[2] Id. at 447-48.

In their current petition for review, the Petitioners contend the BIA erroneously determined, without citing any case law, that the Maras' persecution was not on account of the Petitioners' political opinion or their membership in a particular social group. The Petitioners argue that sufficient evidence in the record established their eligibility for asylum and withholding of removal under

---

[2] The Petitioners did not raise on appeal the BIA's denial of CAT relief, and we therefore deemed this issue abandoned. See id. at 444. n.1.

the INA.[3]  Additionally, the Petitioners submit that the BIA abused its discretion by failing to address their argument that their case was distinguishable from Matter of S-E-G- and Matter of E-A-G-.

## II.  DISCUSSION

Our review of the BIA's denial of a motion to reconsider is limited to an abuse of discretion.  See Calle v. U.S. Att'y Gen., 504 F.3d 1324, 1328 (11th Cir. 2007).  A motion to reconsider must do more than regurgitate prior arguments made to the BIA.  See id. at 1329.  Instead, the motion must identify specific factual or legal errors in the BIA's decision.  See id.

Under the "law of the case" doctrine, an appellate court's factual findings and legal conclusions are "generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal."  Mega Life and Health Ins. Co. v. Pieniozek, 585 F.3d 1399, 1405 (11th Cir. 2009) (quotation marks and citation omitted).  The exceptions to this rule are when:  "(1) a subsequent trial produces substantially different evidence; (2) controlling authority has since made a contrary decision of law applicable to that issue; or (3) the prior decision was clearly erroneous and would work a manifest injustice."  Id. (quotation marks and

---

[3] The Petitioners do not challenge the BIA's denial of their motion to reconsider with respect to their CAT claim.  Accordingly, they have abandoned this issue.  See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (per curiam).

citation omitted).

We find no abuse of discretion here. The BIA correctly determined that the Petitioners' motion to reconsider essentially presented the same legal arguments that were raised on direct appeal to the BIA – namely, that the Petitioners had been persecuted on account of their political opinion and membership in a particular social group. In response to the Petitioners' contention that the BIA had failed to consider adequately all the evidence, the BIA again reviewed the record and determined that the evidence, including the testimony of the Petitioners and the country expert, did not support a finding of past or future persecution on account of a protected ground. The absence of caselaw in the BIA's order denying the motion to reconsider does not constitute an abuse of discretion. The BIA specifically referenced its December 2008 order, which contained numerous citations to federal statutes and supporting precedent. To the extent that the Petitioners reassert in their petition to us that the evidence merits a grant of asylum or withholding of removal, we are bound by our prior decision rejecting those claims, as none of the exceptions to the law of the case doctrine apply. See Pieniozek, 585 F.3d at 1405.

We also find no merit to the Petitioners' contention that the BIA ignored their argument that Matter of S-E-G- and Matter of E-A-G- were distinguishable

6

from their case. The BIA stated that it had reviewed its decision "in light of the [Petitioners'] multiple appellate and motion arguments," but it found those arguments unpersuasive. AR at 2. The BIA then reaffirmed that the Petitioners had not established their claims and cited the portions of its 2008 order which relied upon Matter of S-E-G- and Matter of E-A-G-. Thus, the BIA considered the Petitioners' arguments but rejected them. Moreover, the Petitioners raised these same arguments concerning Matter of S-E-G- and Matter of E-A-G- in their first petition for review to us, but we found "no meaningful distinction between the BIA's precedent and the case before us." Mendez-De Vasquez, 345 Fed. Appx. at 447. Accordingly, we are bound by that decision. See Pieniozek, 585 F.3d at 1405.

As a final matter, the Petitioners suggest for the first time that Matter of S-E-G- may no longer be binding precedent because the BIA reopened the case, remanded it to the immigration court, and issued an unpublished decision. We lack jurisdiction to review this claim, however, because the Petitioners failed to exhaust their administrative remedies. See Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006) (per curiam). "[A]bsent a cognizable excuse or exception, we lack jurisdiction to consider claims that have not been raised before the BIA." Id. (quotation marks and citation omitted). According to the

7

Petitioners, the BIA issued its unpublished decision in <u>Matter of S-E-G-</u> on 28 July 2009, which was several weeks before the BIA denied the Petitioners' motion to reconsider on 21 August 2009. The Petitioners proffer no excuse or exception as to why they did not raise this claim to the BIA in their pending motion to reconsider. Accordingly, "we lack jurisdiction to consider it under the clear dictates of circuit precedent." <u>Id.</u>

### III. CONCLUSION

Based on the foregoing, we conclude that the BIA did not abuse its discretion in denying the Petitioners' motion to reconsider. Accordingly, we DENY the petition for review.

**PETITION DENIED.**