[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-13524
Non-Argument Calendar
_____

D.C. Docket No. 2:08-cv-01682-PWG

MICHAEL DEWAYNE HILL,

Plaintiff - Appellant,

versus

WAL-MART STORES, INC.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(February 22, 2013)

Before WILSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Michael Dewayne Hill, proceeding pro se, sued his former employer, Wal-Mart Stores, Inc., asserting several causes of action, including claims for a hostile work environment and retaliation under Title VII of the Civil Rights Act. The parties consented to jurisdiction by a magistrate judge, who granted Wal-Mart's motion for summary judgment on Hill's retaliation claim, but denied summary judgment on Hill's hostile work environment claim. The case proceeded to a bench trial. Although the magistrate judge found that Hill suffered discomfort and anxiety at work, he concluded that Hill failed to satisfy his burden of proof and was "not the victim of actionable conduct on the part of his employer." A judgment was entered in favor of Wal-Mart.

Hill raises four central issues on appeal. He argues that the district court erred by 1) failing to inform him that he had to request a jury trial; 2) failing to tell him which claims he should file; 3) granting summary judgment to Wal-Mart based only on his deposition and the false declarations of accused Wal-Mart employees; and 4) granting judgment to Wal-Mart when the witnesses contradicted each other. We consider each of Hill's arguments in turn.

I.

2

First, Hill asserts that the district court erred by neglecting to tell him that he had to request a jury trial. Hill argues that he did not request a jury trial because, as a pro se litigant, he was not aware of the Federal Rules of Civil Procedure.

"The Constitution guarantees to litigants in the federal courts the right to have their case tried by a jury, and Rule 38 of the Rules of Civil Procedure explicitly implements that guarantee." City of Morgantown, W. Va. v. Royal Ins. Co., 337 U.S. 254, 258, 69 S. Ct. 1067, 1069 (1949). But, Rule 38(d) also provides that "[a] party waives a jury trial unless its demand is properly served and filed." Fed. R. Civ. P. 38(d).

"Interpretation of the Federal Rules of Civil Procedure presents a question of law subject to de novo review . . . ." Mega Life and Health Ins. Co. v. Pieniozek, 585 F.3d 1399, 1403 (11th Cir. 2009). The "denial of a jury trial is reviewed with the most exacting scrutiny" and "this Court indulge[s] every reasonable presumption against waiver." Id. (quotation marks omitted). This Court also liberally construes pro se briefs and pleadings. Douglas v. Yates, 535 F.3d 1316, 1320 (11th Cir. 2008). However, Hill points to no pleading that we might liberally interpret as a request for a jury trial. Instead he suggests that the requirement in Rule 38 should not apply to him because he was not made aware of it. Pro se litigants remain "subject to the relevant law and rules of court, including the

3

Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). This being the case, under Rule 38, Hill waived his right to a jury trial when he failed to make a proper demand. See LaMarca v. Turner, 995 F.2d 1526, 1545 (11th Cir. 1993) (explaining that a party waives the right to a jury trial "by failing to make a timely demand upon the courts").

## II.

Second, Hill contends that the district court erred when it did not tell him which claims he could bring. Specifically, Hill stresses that he enumerated twenty-four claims in his original complaint. He argues that the magistrate judge should have told him which claims he could bring, instead of just informing him of the problems with his complaint.

Following Wal-Mart's motion to dismiss, or motion for a more definite statement, the magistrate judge issued a seven-page order instructing Hill on how to plead a claim. This order explained the purpose and requirements of a complaint; described in detail the problem with "shotgun" pleadings; "urged [Hill] to review Rule 8, Rule 10 and Rule 11 of the Federal Rules of Civil Procedure"; and ordered Hill to file an amended complaint in conformity with the Federal Rules of Civil Procedure. The magistrate judge then suggested that Hill "seriously consider presenting only such claims as literally 'the law will allow.'" In view of the explanations given to Hill by the magistrate judge, and noting our

4

admonishment that a pro se litigant's "lack of legal expertise is not a basis for reversal," United States v. LaChance, 817 F.2d 1491, 1499 (11th Cir. 1987), we conclude that the district court did not err by failing to advise Hill on which claims to bring.

### III.

Third, Hill argues that the district court erred in granting partial summary judgment based on contradictory and incomplete evidence presented by Wal-Mart. Specifically, he says that the district court did not consider "the additional evidence and witness testimony that hadn't yet been presented," and that the district court accepted as true the false statements made by Wal-Mart employees, who were motivated to hide the truth.

We review the district court's granting of a summary judgment motion de novo, applying the same legal standard as the district court. Bochese v. Town of Ponce Inlet, 405 F.3d 964, 975 (11th Cir. 2005). A moving party is entitled to summary judgment "if [it] shows that there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We consider the facts and reasonable inferences in the light most favorable to the non-moving party. Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1303 (11th Cir. 2009).

We interpret Hill's assertion of incomplete, false, and inconsistent evidence as an argument that factual issues were in dispute about whether Hill was subject

5

to retaliation under Title VII.  See Douglas v. Yates, 535 F.3d at 1320 (explaining that we liberally interpret pleadings from a pro se litigant).  We agree with the district court that Wal-Mart was entitled to judgment as a matter of law on Hill's retaliation claim.[1]  To establish a claim of retaliation under Title VII, a plaintiff must show that 1) he engaged in statutorily protected activity; 2) he suffered a materially adverse action; and 3) there was a causal link between the protected activity and the adverse action.  Butler v. Ala. Dep't of Transp., 536 F.3d 1209, 1212–13 (11th Cir. 2008).  If a plaintiff-employee makes out a prima facie case of retaliation, and the employer articulates a legitimate, non-discriminatory reason for the action, the plaintiff must show, by a preponderance of the evidence, that the employer's reason is pretextual.  Lipphardt v. Durango Steakhouse of Brandon, Inc., 267 F.3d 1183, 1187 (11th Cir. 2001).

Even assuming that Hill made a prima facie case of retaliation, he has not rebutted the legitimate reasons offered by Wal-Mart for his discipline and termination.  Specifically, Wal-Mart alleges, and Hill concedes, that he was disciplined for failing to finish his work in the dairy department; clocking-out early; clocking excessive overtime; and failing to clean the cooler.  Hill was told if he was disciplined again within twelve months, he would be terminated.  Hill was

---

[1] We also agree with the district court's conclusion that Hill was precluded from raising his race discrimination claim because he did not include this claim in his amended complaint.  Because an amended complaint supersedes the original complaint, claims that were omitted from the amended complaint are not properly before the district court.  Pintando v. Miami-Dade Housing Agency, 501 F.3d 1241, 1243 (11th Cir. 2007).

then terminated after using "severe profanity" in front of a customer.  The store manager who fired Hill said that he was not aware of the allegedly hostile condition of Hill's work environment.  Hill did not rebut Wal-Mart's reasons for his termination or discipline by showing by a preponderance of the evidence that Wal-Mart's reason was pretextual.[2]  Based on this record, the district court properly granted summary judgment in Wal-Mart's favor on Hill's retaliation claim.

IV.

Fourth, Hill argues that the district court erred by granting judgment in favor of Wal-Mart on his hostile work environment claim following the bench trial.  "On appeal of a district court order from a bench trial, we review the court's conclusions of law de novo and its findings of fact for clear error."  HGI Assocs., Inc. v. Wetmore Printing Co., 427 F.3d 867, 873 (11th Cir. 2005).  The clear error standard of review is highly deferential.  "A factual finding is clearly erroneous

---

[2] In his response to Wal-Mart's summary judgment motion, Hill stated that he "will present evidence that demonstrates that a retaliatory reason is what motivated Wal-Mart to terminate his employment."  However, he never provided that evidence during the district court's consideration of Wal-Mart's summary judgment motion.  Indeed, Hill argues that the magistrate judge prematurely granted summary judgment without considering evidence that Hill had not yet presented.  As the moving party, Wal-Mart had the initial burden of establishing that there were no genuine issues of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986).  The burden then shifted to Hill to "rebut that showing by producing affidavits or other relevant and admissible evidence beyond the pleadings."  Jones v. UPS Ground Freight, 683 F.3d 1283, 1292 (11th Cir. 2012) (quotation marks omitted).  Because Hill had the burden of producing evidence after Wal-Mart's initial showing, the district court did not err when it granted partial summary judgment without considering evidence that Hill had not presented.

7

when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Morrissette-Brown v. Mobile Infirmary Med. Ctr., 506 F.3d 1317, 1319 (11th Cir. 2007) (quotation marks omitted).  Under this standard, "[i]f the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." Id. (quotation marks omitted).

First, Hill contests the district court's factual findings by asserting that ten witnesses contradicted themselves.  His argument is essentially a "summa[tion of] the many false statements and actions made by Wal-Mart during this action." However, assessing the credibility of a witness is in the province of the factfinder. We ordinarily do not review a factfinder's determination of credibility.  Crystal Entm't & Filmworks, Inc. v. Jurado, 643 F.3d 1313, 1320 (11th Cir. 2011). Because we "must give due regard to the trial court's opportunity to judge the witnesses' credibility," Fed. R. Civ. P. 52(a)(6), we will not second-guess the district court's determinations of the witnesses' credibility under clear error review.

Second, Hill seems to argue that the district court's legal conclusions were erroneous.  As for the hostile work environment claim, Hill argues that the conduct

8

in his case was "more frequent, voluminous, and explicit" than our circuit precedent requires.  To prove a hostile work environment, Hill must show that 1) he belonged to a protected group; 2) he was subject to unwelcome sexual harassment; 3) the harassment was based on his sex; 4) "the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment"; and 5) there is a basis for holding Wal-Mart liable.  See Reeves v. C.H. Robinson Worldwide, Inc., 594 F.3d 798, 808 (11th Cir. 2010) (quotation marks omitted).

"When, as in this case, the alleged harassment is committed by co-workers or customers, a Title VII plaintiff must show that the employer either knew (actual notice) or should have known (constructive notice) of the harassment and failed to take immediate and appropriate corrective action." Watson v. Blue Circle, Inc., 324 F.3d 1252, 1259 (11th Cir. 2003).  "Actual notice is established by proof that management knew of the harassment." Id.  The district court found that Wal-Mart did not have actual knowledge that Hill complained of his co-workers' conduct. Although Hill testified that three of his supervisors knew that he complained of his co-workers' behavior, these three supervisors testified that they were not aware that Hill complained of sexual harassment.  We need not resolve this factual dispute, however, because the supervisors' testimony is evidence to support the district court's finding that Wal-Mart did not have actual knowledge of Hill's

9

alleged harassment, and we review that finding for clear error. See HGI Assocs., Inc., 427 F.3d at 873.

The district court also determined that Hill failed to show that Wal-Mart had constructive knowledge of Hill's alleged harassment. "The question of constructive knowledge is an issue of fact reviewed for clear error." Farley v. Am. Cast Iron Pipe Co., 115 F.3d 1548, 1553 (11th Cir. 1997). The district court's finding is plausible in light of the fact that Wal-Mart had a well-advertised sexual harassment policy, which allowed associates to bring complaints to management. When a company has developed and disseminated such a policy, "it has fulfilled its obligation to make reasonably diligent efforts to 'know what is going on' within the company" and "the existence of [such a] policy precludes a finding of constructive knowledge." Id. at 1153–54. Thus, we affirm the district court's finding that Wal-Mart did not know of the harassment alleged by Hill. The district court did not err in granting judgment in favor of Wal-Mart.[3]

## V.

For these reasons, we affirm the decisions of the district court.

---

[3] Hill also argues that the district court erred by changing the defendant from "Wal-Mart Stores, Inc. to Wal-Mart Stores East, L.P." when members of senior management worked for Wal-Mart Stores, Inc. Even assuming such an error, it was harmless because Hill has not shown that his employer, whether Wal-Mart Stores, Inc. or Wal-Mart Stores East, L.P., engaged in actionable conduct. As Hill acknowledges, the name change does not impact his substantive rights. "We will not reverse if an error of the district court is harmless, and the standard for harmless error is whether the complaining party's substantive rights were affected." Goldsmith v. Bagby Elevator Co., Inc., 513 F.3d 1261, 1276 (11th Cir. 2008).

**AFFIRMED**.