[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15443
Non-Argument Calendar
_____

Agency No. A074-855-742

FENG CHAI YANG,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(August 7, 2014)

Before TJOFLAT, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

Feng Chai Yang, a native and citizen of the People's Republic of China, petitions this court to review the decision of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of her application for asylum.[1]  In 2009, we denied Yang's previous petition for review in part on the ground that Yang did not suffer past persecution based on "other resistance to a coercive population control program," but remanded the case to the BIA to address Yang's motion for remand.  *Yang v. U.S. Att'y Gen.*, 345 Fed. App'x. 424 (11th Cir. 2009) (unpublished).  The BIA granted the motion, and the IJ issued a new order denying Yang's application for asylum.  The BIA affirmed.

Yang presents two arguments in support of her petitioner for review.  First, the BIA erred in concluding that she failed to meet her burden of showing that she suffered past persecution on account of her "other resistance" to China's population control program and in relying on *Matter of M-F-W- & L-G-*, 24 I. & N. Dec. 633 (BIA 2008), which held that an asylum applicant claiming persecution for acts of "other resistance" must show a nexus between the persecution and the "other resistance," in reaching its conclusion.  Second, the BIA, in not explaining why her intrauterine device ("IUD") insertions did not constitute "aggravating

---

[1] The IJ also denied Yang's applications for withholding of removal and relief under the United Nations Convention Against Torture.  However, Yang abandoned those claims on appeal.  *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (concluding that issues on appeal are deemed abandoned when an appellant fails to provide argument on an issue).  Yang also abandoned any argument she had regarding the BIA's determination that she did not establish a well-founded fear of future persecution.  *See id.*

circumstances," failed adequately to consider the aggregate harm she suffered as result of her acts of resistance.

We lack jurisdiction to entertain Yang's first argument to the extent that it is based on *Matter of M-F-W- & L-G* because Yang failed to exhaust the argument administratively. *See* Immigration and Nationality Act ("INA"), § 242(d)(1), 8 U.S.C. § 1252(d)(1); *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) (holding that we lack jurisdiction to consider issues that have not been raised before the BIA). Yang's petition for review is therefore dismissed with respect to the *Matter of M-F-W- & L-G* argument.

The remainder of Yang's first argument is foreclosed by the "law-of-the-case" doctrine. That doctrine holds that an appellate court's factual findings and legal conclusions are "generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal." *Mega Life & Health Ins. Co. v. Pieniozek*, 585 F.3d 1399, 1405 (11th Cir. 2009). The purpose of the doctrine is to "bring[ ] an end to litigation, protect[ ] against agitation of settled issues, and assur[e] that lower courts obey appellate orders." *This That And The Other Gift And Tobacco, Inc. v. Cobb Cnty., Ga.*, 439 F.3d 1275, 1283 (11th Cir. 2006).

*Yang*, which was decided on the same facts presented to the BIA, explicitly found that "Yang was not persecuted for resistance to a coercive population control program." *Yang*, 345 Fed. App'x at 427. We explained that her opposition to the

3

injections was because of her anesthesia allergy and not her opposition to the population control program and that she did not resist the two IUDs, and the insertion of the two IUDs did not constitute persecution, "because they were intended to implement the population control program and not to punish Yang for any resistance to that program." *Id*. We found, moreover, that she "failed to offer any evidence that she will be persecuted for [having a child in the United States or removing her IUD in the United States]." *Id.*

The issues Yang presented to the BIA on appeal were precisely those we considered and ruled on in *Yang.* Like the court in *Yang*, the BIA found that Yang opposed the experimental injection and sterilization procedure because she was allergic to anesthesia and not because of the population control program; that she was not persecuted for removing the first IUD and having a second child in China (acts that did constitute "other resistance"); and that she failed to show that she would be persecuted for removing the IUD or having a child in the United States.

The law-of-the-case doctrine does not apply if: "(1) since the prior decision, 'new and substantially different evidence is produced, or there has been a change in the controlling authority'; or (2) 'the prior decision was clearly erroneous and would result in a manifest injustice.'" *Id.* These exceptions are inapplicable here because Yang presented no "new or substantially different evidence" on remand.

4

Nor did she establish a change in the controlling authority or that our decision in *Yang* was clearly erroneous or manifestly unjust.

The law-of-the-case doctrine does not apply to Yang's second argument, which is that the BIA failed to provide a reasoned consideration of her appeal because it did not explain the "aggravating circumstances" surrounding her forced IUD insertions. We find no merit in the argument. The record shows that the BIA considered the issues Yang raised on appeal and rendered a decision sufficient to enable this court to conduct meaningful appellate review. *Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1374 (11th Cir. 2006). The BIA was not required to address specifically each point the petitioner raised or each piece of evidence she cited. *Id.*

PETITION DISMISSED IN PART, DENIED IN PART.