[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15620
Non-Argument Calendar
_____

D.C. Docket No. 9:95-cr-08089-DTKH-12

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRANCE BERNARD HUTCHINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 16, 2015)

Before HULL, WILSON and JILL PRYOR, Circuit Judges.

PER CURIAM:

Terrence Bernard Hutchins, a federal prisoner, pro se appeals the district court's (1) dismissal of his Federal Rule of Civil Procedure 60(b) post-judgment motion for lack of jurisdiction, and (2) dismissal of his subsequent Federal Rule of Civil Procedure 59(e) motion to alter or amend the judgment.

## I.  PROCEDURAL BACKGROUND

We review the procedural history in detail because this is not the first time Hutchins has filed a Rule 60(b) motion as to the final judgment in his 28 U.S.C. § 2255 proceedings.

### A.    1996 Conviction and First § 2255 Motion

In 1996, Hutchins was convicted of conspiring to possess cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and sentenced to life imprisonment.  In 1999, Hutchins's conviction and life sentence were affirmed on direct appeal.  United States v. Hutchins, 181 F.3d 107 (11th Cir. 1999) (table).

In 2000, Hutchins filed his original § 2255 motion, raising, inter alia, a claim under Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963).  Specifically, Hutchins claimed that the government failed to turn over certain FBI-302 reports of cooperating witnesses' preliminary statements.

In 2001, the district court denied Hutchins's § 2255 motion, concluding, in part, that his Brady claim (1) was procedurally barred because he did not raise it on direct appeal, and (2) was "insufficient to warrant relief" because Hutchins relied

2

only on his good faith belief and did not proffer any evidence showing that the FBI-302 reports were exculpatory or that the government suppressed them.

As to the merits ruling, the district court also noted that the government had "responded that it submitted questionable FBI [reports] to the court, and requested a determination as to whether the information was Brady information and whether the [cooperating witnesses'] interviews should be admitted as evidence or not disclosed" and that Hutchins appeared to be challenging the district court's earlier in camera inspection of the questionable FBI reports.

Both the district court and this Court denied Hutchins's request for a Certificate of Appealability ("COA") as to the denial of his § 2255 motion.

**B.    2002 Rule 60(b) Motion to Reopen § 2255 Proceedings**

In 2002, Hutchins filed a motion to reopen the § 2255 proceedings pursuant to Federal Rule of Civil Procedure 60(b)(2) and (3).  Hutchins's Rule 60(b) motion contended that newly discovered evidence—FBI-302 reports produced in 2001 in response to a Freedom of Information Act request—showed the district court's denial of his § 2255 motion "was obtained by fraud upon the court by Government Counsel."  Hutchins pointed to the government's response to his § 2255 motion claiming that it "provided all discoverable material before and during trial proceedings," and submitted all questionable FBI reports to the trial court for in camera review.  Hutchins maintained that the FBI-302 reports, newly produced in

2001, showed that "Government Counsel in responding to petitioner's § 2255 petition, misled the Court concerning . . . whether or not the government disclosed, at trial, all discoverable FBI documents to the defense or to the trial court for an in camera inspection."[1]  He also contended that (1) these FBI-302 reports showed that the government had not in fact complied with Brady during his criminal trial, and (2) his Rule 60(b) motion asserting fraud should not be treated as a successive § 2255 motion.

On October 4, 2002, the district court denied Hutchins's Rule 60(b) motion. The district court stated that (1) Hutchins's "claim of prosecutorial misconduct" was procedurally barred because it was not raised on direct appeal, and (2) his "allegation is insufficient to warrant relief because Mr. Hutchins has not demonstrated that the FBI reports contained exculpatory information, or that the government suppressed the evidence."

## C.    2004 Appeal Ruling on 2002 Rule 60(b) Motion

Hutchins appealed the Rule 60(b) ruling without first obtaining a COA.  This Court ordered a limited remand so the district court could make a COA determination.  See Gonzalez v. Sec'y for Dep't of Corrs., 366 F.3d 1253, 1263

---

[1]Hutchins apparently received at least some of the FBI reports on January 14, 2000, before he filed his original § 2255.  However, Hutchins alleges that the reports were redacted, and it was not until September 29, 2001, after the district court denied his § 2255 motion, that he received either additional or unredacted reports.  He also alleges that the reports showed that (1) cooperating witnesses gave prior inconsistent statements, some of which were exculpatory, and (2) the government's counsel lied to the § 2255 court.

(11th Cir. 2004) (en banc) (concluding that 28 U.S.C. § 2253(c)(2)'s COA requirement applies to Rule 60(b) motions).  On remand, the district court denied Hutchins's motion for a COA on December 14, 2004, and this Court did as well on November 9, 2005.

### D.    2014 Rule 60(b) Motion to Reopen Initial § 2255 Proceedings

Almost ten years later, Hutchins filed his instant (and second) Rule 60(b)(3) motion in 2014.[2]  This Rule 60(b)(3) motion sought relief from "the district court's [2001] judgment denying his initial 28 USC section 2255 petition" and also from the district court's 2004 denial of a COA on remand from this Court as to his earlier Rule 60(b) in his § 2255 proceedings.

Hutchins's Rule 60(b)(3) motion again asserted that the government's counsel perpetrated a fraud on the § 2255 court by making an "untrue statement" that the government had disclosed all the FBI-302 reports to either Hutchins or the trial court.  Relying on "intervening" Supreme Court precedent, Hutchins also argued that his earlier Rule 60(b)(2) and (3) motion should not have been construed by this Court back in 2004 as a successive § 2255 motion that must comply with the COA requirements.  See Gonzelez v. Crosby, 545 U.S. 524, 125 S. Ct. 2641 (2005).

---

[2]Although Hutchins's 2014 Rule 60(b) motion did not identify a particular subsection of Rule 60(b), it referred to an "extrinsic misrepresentation" that was "perpetrated on the federal court," language tracking Rule 60(b)(3).  On appeal, Hutchins clarifies that his 2014 Rule 60(b) motion was brought pursuant to Rule 60(b)(3).

On November 15, 2014, the district court construed Hutchins's second Rule 60(b) motion filed in 2014 as a successive § 2255 motion and dismissed it for lack of jurisdiction.  On December 5, 2014, the district court also dismissed for lack of jurisdiction Hutchins's subsequent Rule 59(e) motion as a successive § 2255 motion.

## II.  DISCUSSION

On appeal, Hutchins argues that the district court erred by construing his 2014 Rule 60(b)(3) and 59(e) motions as successive § 2255 motions and dismissing them for lack of jurisdiction.  Hutchins argues the district court erred in construing his Rule 60(b)(3) and Rule 59(e) motions as successive § 2255 motions because his claims do not attack the district court's resolution of the merits of his Brady claim, but rather raise "some defect in the integrity of the federal habeas proceedings."  See Gonzalez, 545 U.S. at 532 & nn. 4, 5, 125 S. Ct. at 2648 & nn. 4, 5.  Hutchins also claims that he should not have been required to obtain a COA in 2004 to appeal his 2002 Rule 60(b) motion because that motion was also a Rule 60(b)(3) motion alleging fraud upon the district court in his initial § 2255 proceedings.

Here, we need not decide whether the district court properly construed Hutchins's 2014 Rule 60(b)(3) and 59(e) motions as successive § 2255 motions because, in any event, Hutchins's 2014 Rule 60(b)(3) motion was barred by the

6

one-year statute of limitation in Rule 60(c)(1).  <u>See</u> Fed. R. Civ. P. 60(c)(1) (stating

that a motion under Rule 60(b)(1), (2), or (3) must be made "no more than a year

after the entry of the judgment or order or the date of the proceeding").  In

addition, the law of the case doctrine bars the issues about the COA raised in

Hutchins's motions, regardless of their timeliness.  <u>See</u> <u>Mega Life & Health Ins.</u>

<u>Co. v. Pieniozek</u>, 585 F.3d 1399, 1405 (11th Cir. 2009).

 **AFFIRMED.**