**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-11231

Non-Argument Calendar

_____

CHARLES CORNELIUS,

*Plaintiff-Counter Defendant,*

SUSAN CORNELIUS,

as Personal Representative of the Estate of Charles
Cornelius,

*Plaintiff-Counter
Defendant-Appellee,*

*versus*

ROLLINS RANCHES, LLC,

a foreign limited liability company,

*Defendant-Counter
Claimant-Appellant.*

—————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:20-cv-14464-KAM

—————————————————

Before NEWSOM, GRANT, and ABUDU, Circuit Judges.

PER CURIAM:

Rollins Ranches, LLC ("Rollins"), appeals an order of the district court adopting a magistrate judge's report and recommendation ("R&R") and awarding a total of $217,532.50 in attorneys' fees and costs to the plaintiff, Charles Cornelius, in this long-running Fair Labor Standards Act ("FLSA") dispute.[1]  After careful review, we affirm.

Rollins makes two arguments on appeal.  First, it asserts that its Rule 68 offer barred an award to Cornelius because Cornelius did not obtain a judgment more favorable than its $10,000 offer. Second, it contends the district court abused its discretion in determining the amount of the attorneys' fees.

We review the interpretation of the Federal Rules of Civil Procedure *de novo*.  *Circuitronix, LLC v. Kinwong Elec. (Hong Kong) Co., Ltd.*, 993 F.3d 1299, 1303 (11th Cir. 2021); *Mega Life & Health*

---

[1] We write only for the parties, and we have already addressed this case at a prior stage, *see Cornelius v. Rollins Ranches, LLC*, No. 22-12862, 2024 WL 1134566 (11th Cir. Mar. 15, 2024) (unpublished), so we include only what is necessary to explain our decision.

*Ins. Co. v. Pieniozek*, 585 F.3d 1399, 1403 (11th Cir. 2009). We review decisions concerning attorneys' fees for abuse of discretion. *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1543 (11th Cir. 1985). When calculating an award of attorneys' fees, the district court has "wide discretion" to calculate the total number using various methods. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994). In addition, both the district court and this Court maintain the discretion to form independent judgments about fee reasonableness. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." (citation omitted)). We may affirm the district court's ruling on any basis supported by the record, even if "the lower court relied upon a wrong ground or gave a wrong reason." *Helvering v. Gowran*, 302 U.S. 238, 245 (1937); *see also Alvarez v. Royal Atl. Devs., Inc.*, 610 F.3d 1253, 1268 (11th Cir. 2010*).*

Under Rule 68, "a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." FED. R. CIV. P. 68(a). If the offeree declines the offer, and "the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." FED. R. CIV. P. 68(d).

4                    Opinion of the Court                    25-11231

Here, Rollins made a pre-trial offer of judgment, putatively under Rule 68. The offer was "that judgment be entered against [Rollins] in favor of Plaintiff Charles Cornelius, in the amount of $10,000, . . . as full and complete judgment and resolution of all claims and compulsory counterclaims which could be brought in this action," and was "inclusive of all damages, losses, interest, and costs incurred through the date of this Offer, including Plaintiff's reasonable attorney fees." Cornelius rejected the offer and continued to trial. The jury ultimately awarded Cornelius $10,903.63 in damages on his FLSA overtime claim and awarded Rollins $2,959.90 on its counterclaim.

Rollins is incorrect that its putative Rule 68 offer barred an award of post-offer attorneys' fees.[2] That is because Cornelius obtained a judgment more favorable than Rollins's unaccepted "Rule 68" offer. Under the plain text of Rule 68, a damages award must stem from "a *claim*" that "a party" is "*defending* against . . . ." FED. R. CIV. P. 68(a) (emphasis added); *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 350 (1981) (holding that Rule 68 "has no application to offers made by" an individual bringing a claim).[3] If the judgment

_____

[2] Here, we need not address the magistrate judge's ruling about the intersection between FLSA and Rule 68—which is the focus of Rollins's appellate briefing—because Cornelius's judgment on his FLSA claim, $10,903.63, was more favorable than the unaccepted offer, $10,000. *Helvering*, 302 U.S. at 245; *Alvarez*, 610 F.3d at 1268.

[3] The Supreme Court explained that Rule 68's language—"a party defending against a claim"—can "most readily be explained by reference to cases involving a single claim by one plaintiff against one defendant," but "[i]n multiclaim litigation, ['a party defending against a claim'] may, of course, be defending

on that claim "is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." FED. R. CIV. P. 68(d). Here, that means we look only to the value of Cornelius's FLSA overtime claim that Rollins was defending against—$10,903.63—rather than that amount offset by Rollins's counterclaim; Rollins could not make a Rule 68 offer on its own claim. *Delta Air Lines*, 450 U.S. at 350. Because $10,903.63 is greater than $10,000, the judgment Cornelius obtained was more favorable than Rollins's unaccepted offer, so Rule 68(d) does not apply.[4]

Rollins's second argument similarly fails. It asserts the district court abused its discretion in awarding and calculating attorneys' fees. However, the record shows that the district court and

---

against a counterclaim or a cross-claim." *Delta Air Lines, Inc.*, 450 U.S. at 350 n.5. This clarifies that in cases involving multiple claims, as here, a Rule 68 offer and the judgment to which it is compared does not include claims the offeror is bringing; it relates only to the claims they are defending. *Id.* at 350; *see, e.g.*, *Simon v. Intercontinental Transp. (ICT) B.V.*, 882 F.2d 1435, 1439 (9th Cir. 1989) (rejecting a net-recovery approach and noting that Rule 68 "has no application to offers by a party who brings a claim"); *Scosche Indus., Inc. v. Visor Gear Inc.*, 121 F.3d 675, 679 (Fed. Cir. 1997) (same); *cf. Felders v. Bairett*, 885 F.3d 646, 655 (10th Cir. 2018) (noting that Rule 68 only applies in a "very limited context" and, as a result, "has been criticized for many reasons"). Despite this authority and the plain text of Rule 68, Rollins cites no cases permitting the offset of offensive and defensive claims in assessing a Rule 68 offer.

[4] The Supreme Court has suggested that pre-offer costs should be added to the damages award to determine whether the ultimate recovery was more favorable than the offer. *Marek v. Chesny*, 473 U.S. 1, 7 (1985) (combining pre-offer costs with the sum awarded as damages to deduce the judgment obtained), *superseded on other grounds by* 42 U.S.C. § 1981(c). We need not do so here, since the damages award is already higher than the Rule 68 offer.

6                    Opinion of the Court                    25-11231

magistrate judge acted well within their discretion in calculating the amount of attorneys' fees by calculating the lodestar rate and reducing it for Cornelius's partial success.

To calculate the lodestar, a court multiplies the number of hours reasonably expended by the reasonable hourly rate. *Gilmere v. City of Atlanta, Ga.*, 864 F.2d 734, 741 (11th Cir. 1989). The district court determined that the relevant market for this case was South Florida and set the reasonable hourly rate accordingly. While Rollins asserts the relevant market was the "Fort Pierce Division" of the Southern District of Florida, many courts have previously used "South Florida" to describe the reasonable legal market.[5] We are not convinced that the district court abused its discretion by using "South Florida" rather than the "Fort Pierce Division," because the "relevant market" is "the place where the case is filed," *Am. C.L. Union of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (quoting *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994)), and this case was filed in the Southern District of Florida. Additionally, the court considered Cornelius's attorneys' experience and specialties, as well as acceptable hourly rates of attorneys in

---

[5] *See, e.g.*, *Soc. Life Network, Inc. v. Peak One Opportunity Fund, L.P.*, No. 21-21373-cv, 2023 WL 5053985, at *4 (S.D. Fla. July 20, 2023), *report and recommendation adopted,* 2023 WL 5036606 (S.D. Fla. Aug. 8, 2023); *Akai Custom Guns, LLC v. KKM Precision, Inc.*, No. 20-CV-61469, 2025 WL 2663071, at *9 (S.D. Fla. Aug. 29, 2025), *report and recommendation adopted,* 2025 WL 2659801 (S.D. Fla. Sept. 17, 2025); *Flexiteek Americas, Inc. v. Plasteak, Inc.*, No. 12-60215-CIV, 2016 WL 7508240, at *4 (S.D. Fla. Mar. 31, 2016); *Spanakos v. Aronson*, No. 17-80965-CV, 2021 WL 3036609, at *3 (S.D. Fla. Mar. 25, 2021).

FLSA cases in the Southern District of Florida, to determine the appropriate rate.  The magistrate judge carefully used its independent judgment to calculate a reasonable hourly rate and explained the basis for its decision in a 35-page report and recommendation.  At bottom, the abuse of discretion standard is deferential, as it "allows for a 'range of choice for the district court,' as long as that choice is not a 'clear error of judgment.'"  *United States v. Beaufils*, 160 F.4th 1147, 1163 (11th Cir. 2025) (quoting *Rasbury v. IRS* (*In re Rasbury*), 24 F.3d 159, 168 (11th Cir. 1994)).  Rollins's briefing does not show an abuse of discretion.

The court also used its expertise and knowledge to calculate the reasonable hours expended.  *Norman*, 836 F.2d at 1303.  It thoroughly analyzed the record and billing journals, consulted the relevant law, and reduced the overall hours claimed by 15% based on some duplicative billing.  Rollins challenges this decrease and posits that a 25% reduction would be more appropriate because the court did not explicitly spell out every exact instance of alleged duplicative billing.  At any rate, the court did account for this by listing some "example[s]," considering relevant factors, and noting that it was making an across-the-board cut due to the delineated duplicative "entries *and others like it* . . . ."  "When a district court finds the number of hours claimed is unreasonably high, the court . . . may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut."  *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).  Without any indication in the record that there were unaccounted-for duplicative billings, we decline to substitute our judgment for that of the district court judge.

*Loranger*, 10 F.3d at 783 ("[I]t is sufficient for the court to provide a concise but clear explanation of its reasons for the reduction.").

After calculating the lodestar, the court reduced it by 50%, considering Cornelius's partial success, other FLSA cases, Cornelius's rejection of the Rule 68 offer, and Rollins's involved motions practice. Rollins asserts that this decrease should be higher, as high as an 80% reduction. The court considered an 80% reduction but found that it "would be improper and unwarranted" given "the unique facts and circumstances of this case . . . ." This was within the bounds of the court's "wide discretion" in calculating the lodestar. *Loranger*, 10 F.3d at 781; *see also Hensley v. Eckerhart*, 461 U.S. 424, 436–37 (1983) ("There is no precise rule or formula for making these [attorneys' fees reduction] determinations. . . . The court necessarily has discretion in making this equitable judgment."); *Beaufils*, 160 F.4th at 1163.[6] While Cornelius was awarded 36% of the total damages he sought, Rollins "filed dozens of substantive motions during the pretrial phase," which greatly increased "the total number of hours expended in this case." The court was permitted to "reduce the lodestar amount [to the extent] it believe[d] that amount [was] excessive in relation to the plaintiff's

---

[6] An 80% reduction would be very significant; indeed, a 50% reduction is already very significant. For example, a panel of this Court recently found a much smaller reduction—33.4%—unwarranted and an abuse of discretion because it was too high. *Otto v. City of Boca Raton*, No. 24-10478, 2025 WL 2952783, at *9 (11th Cir. Oct. 20, 2025) (unpublished). At bottom, each case is different, and nothing about the facts of this case show the district court necessarily had to adopt an 80% reduction.

relief," *Gilmere*, 864 F.2d at 741, which it did here based on its detailed analysis. This was not an abuse of discretion. To hold otherwise would be to deny the district court the "range of choice" which the abuse of discretion standard provides it. *Beaufils*, 160 F.4th at 1163 (quoting *Rasbury*, 24 F.3d at 168).

For these reasons, we affirm the district court's orders granting Cornelius attorneys' fees and costs.

**AFFIRMED.**