[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14560
Non-Argument Calendar
_____

Agency No. A087-643-119


XIAOMING LIU,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(May 4, 2015)


Before MARTIN, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Xiaoming Liu petitions for review of the Board of Immigration Appeals' ("BIA") final order affirming the Immigration Judge's ("IJ") denial of Hong Zhang's and his application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment. Liu argues that the BIA's determination that he did not file an independent -- one apart from Zhang's application -- asylum application is not supported by substantial evidence. He also argues that the BIA erred by dismissing his appeal after Zhang, the primary asylum applicant, withdrew her appeal; he says the BIA ought to have remanded the case to the IJ for further proceedings.

I.

We review the BIA's factual findings under the substantial evidence test; and we must affirm the BIA's decision if the decision "is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Delgado v. U.S. Att'y Gen.*, 487 F.3d 855, 860 (11th Cir. 2007). We review the evidence in the light most favorable to the BIA's decision, and we draw all reasonable

2

inferences in favor of the decision. *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1255 (11th Cir. 2006). We only reverse a factual determination if the record compels reversal. *Id.*

Substantial evidence supports the BIA's conclusion that Liu did not file a separate asylum application. Zhang's asylum application was the only application presented to the IJ: Liu as Zhang's spouse made a derivative claim. During the process, Liu's counsel confirmed that he did not file an independent application. Liu's counsel also confirmed that Liu was seeking derivative status from Zhang's application for asylum. Therefore, we deny Liu's claim that the BIA lacked substantial evidence to support its determination that he did not file an independent asylum application.

II.

We review an issue of subject-matter jurisdiction *de novo*. *Delgado*, 487 F.3d at 860. We lack jurisdiction to consider claims that have not been raised before the BIA. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006).

We lack jurisdiction to consider Liu's claim that the BIA erred when it failed to remand his case for further proceedings. He never requested that the BIA

3

remand his case to the IJ for further proceedings.  Thus, we lack jurisdiction to consider the claim for a remand since he failed to present it to the BIA.  *See Amaya-Artunduaga*, 463 F.3d at 1250.  Accordingly, we deny Liu's petition in part and dismiss his petition in part.

**PETITION DENIED IN PART, DISMISSED IN PART.**