[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10621
Non-Argument Calendar
_____

Agency No. A087-643-119

XIAOMING LIU,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(September 21, 2015)

Before WILSON, JULIE CARNES, and EDMONDSON, Circuit Judges.

PER CURIAM:

Xiaoming Liu, a native and citizen of China, petitions for review of the Board of Immigration Appeals's ("BIA") denial of Liu's motion for reconsideration of the BIA's September 2014 order and Liu's motion to reopen. No reversible error has been shown; we deny the petition.

In 2009, Liu's then-wife -- Hong Zhang -- filed an application for asylum, withholding of removal and CAT relief based on China's family-planning policy. Briefly stated, Zhang asserted that, because she got pregnant out-of-wedlock and was ineligible for a birth permit, she was forced to have an abortion, was subjected to public ridicule, and was required to pay a fine. Liu (the baby's father) was listed as a derivative beneficiary on Zhang's application for asylum.

The Immigration Judge ("IJ") denied relief, concluding that Zhang's claim was not credible. Zhang and Liu appealed to the BIA. While their appeal was pending, however, two pertinent things happened: (1) Zhang and Liu divorced and (2) Zhang withdrew voluntarily her appeal to the BIA.

Then, in its September 2014 order, the BIA dismissed Liu's appeal. The BIA determined that (1) Liu had filed no independent application for asylum or other relief; (2) Liu lacked standing to pursue independently the claim for relief

2

raised in Zhang's asylum application; and (3) Liu was no longer eligible for derivative status now that he and Zhang were divorced.

We have already addressed Liu's petition for review of the BIA's September 2014 order. See Liu v. U.S. Att'y Gen., 601 F. App'x 921 (11th Cir. 2015) (unpublished). In that petition for review, Liu asserted two arguments: (1) the BIA erred in determining that Liu filed no independent asylum application; and (2) the BIA erred in dismissing Liu's appeal instead of remanding his case to the IJ for further proceedings. We rejected both arguments, concluding substantial evidence supported the BIA's determination that Liu filed no separate asylum application and concluding we lacked jurisdiction to consider Liu's argument about a remand, because he failed to raise it to the BIA. Id. at 922.

1. Motion for Reconsideration

In Liu's motion for reconsideration of the BIA's September 2014 order, Liu challenged the BIA's dismissal of his appeal for the same two arguments he raised in his first petition for review with this Court. The BIA denied the motion, and Liu now reasserts the same two arguments in this petition for review.

3

Because we have already rejected each of the arguments that Liu raises on appeal when we denied his first petition for review, he is precluded from raising them again. Under the "law of the case" doctrine, an appellate court's factual findings and legal conclusions are "generally binding on all subsequent proceedings in the same case in the trial court or on a later appeal." Mega Life & Health Ins. Co. v. Pieniozek, 585 F.3d 1399, 1405 (11th Cir. 2009). The exceptions to this rule are few: "(1) a subsequent trial produces substantially different evidence; (2) controlling authority has since made a contrary decision of law applicable to that issue; or (3) the prior decision was clearly erroneous and would work a manifest injustice." Id. Because these exceptions are inapplicable here, we deny Liu's petition for review of the BIA's denial of his motion for reconsideration. Moreover, the BIA abused no discretion in determining that Liu failed to establish an error of law or fact sufficient to warrant reconsideration of his case.

2. Motion to Reopen

Liu also challenges the BIA's denial of his motion to reopen his appeal. In his motion, Liu argued that he was entitled to file a new asylum application --

pursuant to 8 C.F.R. § 1208.4(a)(4)(i)(C), (ii) -- because his divorce constituted a "changed circumstance."  The BIA denied the motion, noting that Liu could have filed his own asylum application earlier in the proceedings but chose not to.  The BIA also concluded (1) that Liu's divorce was no "changed circumstance" that affected materially his eligibility for asylum; and (2) that Liu's proposed asylum application raised a claim identical to the claim raised in Zhang's application, which the IJ already denied as not credible.

We review the BIA's denial of a motion to reopen for abuse of discretion, determining only "whether the BIA exercised its discretion in an arbitrary or capricious manner."  Jiang v. U.S. Att'y Gen., 568 F.3d 1252, 1256 (11th Cir. 2009).  "Motions to reopen in removal proceedings are particularly disfavored."  Id.

"A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing[.]"  8 C.F.R. § 1003.2(c)(1).  The BIA may deny a motion to reopen if, among other things, the petitioner fails to establish a prima facie case or the petitioner fails to submit evidence that is both material and previously unavailable.  Jiang, 568 F.3d at 1256. To demonstrate that evidence is "material," a petitioner bears a "heavy burden" to

5

show that, "if the proceedings were opened, the new evidence would likely change the result in the case." Id. at 1256-57.

The BIA abused no discretion in denying Liu's motion to reopen. Liu presented no "material" facts: facts that would likely change the outcome of the case. Liu's proposed asylum application is based on the same set of facts already raised in Zhang's application. Liu conceded in his motion for reconsideration that, because the IJ had already denied relief after hearing testimony from both Zhang and Liu, Liu's filing a new asylum application was unlikely to produce a different result. Because Liu has failed to present new "material" evidence, the BIA's denial of Liu's motion to reopen was not arbitrary or capricious.[*]

PETITION DENIED.

---

[*] Whether Liu's divorce constituted a "changed circumstance" for purposes of 8 C.F.R. § 1208.4(a)(4)(i)(C), (ii), is not pertinent to our decision. Liu seeks no asylum relief based on his "changed circumstance," and Liu has failed to show that his divorce would likely change the outcome of his case.