[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12841
Non-Argument Calendar
_____

Agency No. A200-853-258

GLENDON ASSIS MIRANDA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(March 28, 2014)

Before MARCUS, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Glendon Assiss Miranda, proceeding pro se, appeals the Board of Immigration's ("BIA") order affirming the Immigration Judge's ("IJ") denial of his application for cancellation of removal, pursuant to Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229b(b), as well as the order that denied his motion for reconsideration.  On appeal, Miranda argues that the BIA and IJ erred by determining that he was not eligible for relief of cancellation of removal because he did not establish that removal would result in an exceptional and extremely undue hardship to a qualifying relative.  He does not raise any arguments that challenge the BIA's denial of his motion for reconsideration.  After careful review, we deny the petition in part, and dismiss it in part.

"We review our subject matter jurisdiction de novo." Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006).  We review the BIA's denial of a motion for reconsideration for abuse of discretion.  Assa'ad v. U.S. Att'y Gen., 332 F.3d 1321, 1341 (11th Cir. 2003).  "While we read briefs filed by pro se litigants liberally, issues not briefed on appeal by a pro se litigant are deemed abandoned[.]"  Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (internal citations omitted).

First, we lack jurisdiction over Miranda's claim that the BIA and IJ erred by determining that he was not eligible for relief of cancellation of removal.  The immigration statute makes clear that a petition to review a decision by the BIA

2

must be filed with the Court of Appeals within 30 days of the final order of removal.  8 U.S.C. § 1252(b)(1).  This deadline is mandatory and jurisdictional, and it is not subject to equitable tolling.  Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2005).  The deadline is not tolled by a motion to reconsider.  Id.

In this appeal, we do not have jurisdiction to review the BIA's final order affirming the IJ's denial of relief because Miranda did not file the petition for review within 30 days of the BIA's final order.  See 8 U.S.C. § 1252(b)(1).  The BIA's order was issued on April 11, 2013, and Miranda filed his petition for review on June 17, 2013.   Miranda's motion for reconsideration did not toll the time limitation, and thus, we are without jurisdiction to review the final order of removal.  See Dakane, 399 F.3d at 1272 n.3.  Accordingly, we dismiss the petition so far as it seeks review of that order.

As for the BIA's denial of Miranda's motion for reconsideration, Miranda has not challenged this order on appeal.  Even construing his brief liberally, we can find no arguments concerning this order and conclude that he has failed to brief the issue.  As a result, he has abandoned the issue and we deny this part of the petition for review.  Timson, 518 F.3d at 874.

**DISMISSED IN PART, DENIED IN PART.**

3