[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-11536
Non-Argument Calendar

_____

Agency No. A200-853-258

GLENDON ASSIS MIRANDA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(December 9, 2015)

Before TJOFLAT, MARCUS and JILL PRYOR, Circuit Judges.

PER CURIAM:

Glendon Miranda, a native and citizen of Brazil, proceeding pro se, petitions

for review of the Board of Immigration Appeals' ("BIA") order denying his

February 2015 motion to reopen removal proceedings sua sponte.  Miranda argues

that: (1) the immigration judge ("IJ") exhibited bias in his removal proceedings and erred in concluding that his children's medical conditions did not constitute exceptional and extremely unusual hardship; and (2) the BIA erred in affirming the IJ's decision and that reopening should have been granted in light of those errors. After thorough review, we dismiss the petition in part and deny it in part.

We review our subject matter jurisdiction de novo. Chao Lin v. U.S. Att'y Gen., 677 F.3d 1043, 1045 (11th Cir. 2012). Typically, we review for abuse of discretion the BIA's denial of a motion to reopen removal proceedings, and our review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner. Zhang v. U.S. Att'y Gen., 572 F.3d 1316, 1319 (11th Cir. 2009). Where a petitioner seeks review of the denial of a motion to reopen based on the BIA's sua sponte authority, however, we lack jurisdiction over that claim. Lenis v. U.S. Att'y Gen., 525 F.3d 1291, 1292-93 (11th Cir. 2008).

As an initial matter, the law-of-the-case doctrine bars Miranda's challenge to his final order of removal. Under this doctrine, an appellate court's fact-findings and conclusions of law are generally binding in all later proceedings in the same case. Mega Life & Health Ins. Co. v. Pieniozek, 585 F.3d 1399, 1405 (11th Cir. 2009). The law-of-the-case doctrine may only be overcome if: (1) new and substantially different evidence is produced; (2) controlling authority has changed;

or (3) the prior decision was clearly erroneous and would result in a manifest injustice. Oladeinde v. City of Birmingham, 230 F.3d 1275, 1288 (11th Cir. 2000).

To the extent that Miranda seeks to challenge the BIA's final order affirming the IJ's denial of his application for cancellation of removal, the law of the case doctrine applies. Miranda presents the same arguments on that issue in the instant appeal as he did in Miranda v. U.S. Att'y Gen. ("Miranda I"), 561 F. App'x 809 (11th Cir. 2014) (unpublished), and we previously concluded that we lacked jurisdiction to review that claim because Miranda's petition for review was untimely. Furthermore, Miranda has not presented any new or substantially different evidence, does not contend that controlling authority has changed, and has not demonstrated that Miranda I was clearly erroneous. Accordingly, we deny Miranda's petition to the extent that it challenges his final order of removal.

As for his challenge to the denial of his second motion to reopen, we lack jurisdiction to review it. Under the Immigration and Nationality Act ("INA"), an alien may file one motion to reconsider within 30 days of the BIA's final order of removal, specifying the errors of law or fact in the BIA's order. 8 U.S.C. § 1229a(c)(6); 8 C.F.R. 1003.2(b). An alien may also file one motion to reopen removal proceedings within 90 days of the BIA's final order of removal, which must state new facts that would be proven at a hearing if the motion were granted and be supported by affidavits or other evidence. 8 U.S.C. § 1229a(c)(7); 8 C.F.R.

§ 1003.2(c).  Further, the BIA retains the authority to reopen removal proceedings or reconsider a prior decision sua sponte at any time.  8 C.F.R. § 1003.2(a).

We liberally construe pleadings filed by pro se litigants, holding them to a less stringent standard than those prepared by lawyers.  Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168 (11th Cir.), cert. denied, 135 S. Ct. 759 (2014).  Nevertheless, "issues not briefed on appeal by a pro se litigant are deemed abandoned," and will not be considered.  Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

Contrary to the government's assertions, Miranda expressly claimed in his brief that he sought review of that decision and argued that reopening was warranted based on the IJ's errors.  Thus, Miranda has not abandoned his challenge to the BIA's March 2015 denial of his second motion to reopen.  Nevertheless, we lack jurisdiction to review that decision.  As the BIA noted, Miranda's motion was time- and number-barred, since it was filed more than 90 days after the issuance of the BIA's final order of removal and was Miranda's third motion seeking reconsideration and/or reopening.  Consequently, the BIA only could have granted reopening through its sua sponte authority.  In fact, Miranda explicitly requested that the BIA exercise its sua sponte authority to reopen his removal proceedings.  Because we lack jurisdiction to review a petition challenging the denial of a motion

to reopen based on the BIA's sua sponte authority, we dismiss the part of Miranda's petition challenging the BIA's March 2015 order.

**DENIED in part and DISMISSED in part.**