[PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12886

_____

GEORGE WEIDNER, III,

Plaintiff-Appellant,

*versus*

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cv-00673-JSS

_____

Before WILSON, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

George Weidner, III, appeals the district court's affirmance of the Social Security Administration's (SSA) denial of his claim for disability insurance benefits (DIB) and supplemental security income (SSI) following the Appeals Council's remand. He argues that the Administrative Law Judge (ALJ) erred on remand by reconsidering a prior finding of Weidner's residual functional capacity (RFC) after the prior decision had been vacated, in violation of the law-of-the-case doctrine and the mandate rule. After careful review and with the benefit of oral argument, we affirm.

## I.

On April 26, 2016, Weidner applied for DIB and SSI. Weidner alleged an onset date of February 1, 2016, for the following disabilities: back pain, loss of vision in left eye, pins in right hand, and depression. Disability examiners denied Weidner's application initially and on reconsideration. Weidner then requested and received a hearing before an ALJ.

Following the five-step process,[1] the ALJ found Weidner not disabled in a July 31, 2018, decision (the 2018 Decision). Relevant

---

[1] The SSA regulations provide five steps that the ALJ must follow when evaluating a disability claim. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Relevant to this appeal, at step four, the ALJ must assess the claimant's RFC, which is the level of physical and mental work he can consistently perform despite his limitations. *Id.* §§ 404.1545(a), 416.945(a). At step five, the ALJ considers a claimant's RFC, age, education, and work experience to determine whether

22-12886                 Opinion of the Court                 3

to this appeal, the ALJ found Weidner has an RFC to perform sedentary work[2] but with additional limitations. Using that RFC and testimony from a vocational expert, the ALJ determined Weidner could not perform his past relevant work but could perform other jobs existing in significant numbers in the national economy.

Weidner then requested that the Appeals Council review the ALJ's decision. The Appeals Council denied Weidner's request for review, making the ALJ's decision the final decision of the Commissioner. Weidner appealed to the district court. On appeal, the Commissioner moved—without opposition—to remand the case to the SSA so the ALJ could "obtain supplemental evidence from the vocational expert to clarify [Weidner's] ability to perform other work in the national economy, take any further action to complete the administrative record, to offer [Weidner] the opportunity for a hearing, and to issue a new decision." The district court granted the motion with its order simply stating "REMANDED to the [Commissioner] for further administrative consideration."

---

he can still do past relevant work or adjust to other work. *Id*. §§ 404.1520(a)(4)(iv)-(v), 416.920(a)(4)(iv)-(v).

[2] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." *Id*. §§ 404.1567(a), 416.967(a).

On remand from the district court, the Appeals Council vacated the 2018 Decision and remanded Weidner's case back to an ALJ to obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on Weidner's occupational base. Because Weidner filed a subsequent claim for SSI on July 26, 2019, the Appeals Council found that the remanded claims and the new claim were duplicative. As a result, the Appeals Council consolidated Weidner's 2016 claims for DIB and SSI with his subsequent July 2019 claim for SSI. The Appeals Council explained that the ALJ was to offer Weidner an opportunity for a hearing, take any action to complete the record, and issue a new decision. The ALJ held two hearings.

On remand, the ALJ found Weidner not disabled in a December 2, 2020, decision (the 2020 Decision). Relevant to this appeal, the ALJ found Weidner has an RFC to perform light work[3] but with additional limitations. Using that RFC and testimony from a vocational expert, the ALJ determined Weidner could

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." *Id*. §§ 404.1567(b), 416.967(b).

perform his past relevant work and perform other jobs existing in significant numbers in the national economy.

Weidner did not request the Appeals Council review the ALJ's decision nor did the Appeals Council review the case on its own. After sixty days, the ALJ's decision became the final decision of the Commissioner. Weidner appealed to the district court, which affirmed the ALJ's decision. Weidner timely appealed.

## II.

This Court reviews de novo the legal principles on which the Commissioner's decision is based. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007). Whether an ALJ has obeyed the remand order of an appellate court is a question of law that is reviewed de novo. *See Sullivan v. Hudson*, 490 U.S. 877, 886 (1989). Similarly, this court reviews the application of the law-of-the-case doctrine de novo. *Mega Life & Health Ins. Co. v. Pieniozek*, 585 F.3d 1399, 1405 (11th Cir. 2009). Finally, whether a court complied with a mandate is an issue of law that this Court reviews de novo. *See Cambridge Univ. Press v. Albert*, 906 F.3d 1290, 1298 (11th Cir. 2018).

## III.

Weidner argues that the ALJ should have followed the law-of-the-case doctrine and not reassessed his RFC from the 2018 Decision. Weidner contends that the ALJ was required to follow the mandate and not relitigate any issue that the district court implicitly decided.

Under the law-of-the-case doctrine, an appellate court's findings of fact and conclusions of law "are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal." *This That & the Other Gift & Tobacco, Inc. v. Cobb Cnty.*, 439 F.3d 1275, 1283 (11th Cir. 2006) (per curiam). The mandate rule, which is "a specific application" of the law-of-the-case doctrine, binds a lower court to execute the mandate of the higher court without further examination or variance. *Albert*, 906 F.3d at 1299. A court "may not alter, amend, or examine the mandate, or give any further relief or review, but must enter an order in strict compliance with the mandate." *Piambino v. Bailey*, 757 F.2d 1112, 1119 (11th Cir. 1985).

For these doctrines to apply, the earlier decision must still be extant. But vacated decisions "are officially gone. They have no legal effect whatever. They are void." *See United States v. Sigma Int'l, Inc.*, 300 F.3d 1278, 1280 (11th Cir. 2002) (per curiam) (addressing appellate opinions that had been vacated).

Even assuming the law-of-the-case doctrine and mandate rule apply, the ALJ was free to reconsider Weidner's RFC because the 2018 Decision was vacated. We have not decided whether these doctrines apply in social security cases, nor do we need to do so in Weidner's case because the 2018 Decision was vacated. The district court order made no findings about how the ALJ erred in his determination on Weidner's disability. Instead, the district court remanded the case on a motion from the Commissioner without making specific factual findings, including whether or not

the ALJ properly determined Weidner's RFC. As a result, the Appeals Council had no factual findings in the remand order from which it could deviate. *See Sullivan*, 490 U.S. at 886 ("Deviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review."). Then the Appeals Council vacated the 2018 Decision. And as a result of the vacatur, that decision lost its binding effect. *Sigma Int'l, Inc.*, 300 F.3d at 1280. The sum result of these steps is that the ALJ was not required to abide by the prior RFC finding on remand.

Additionally, the Appeals Council explained that Weidner filed a new SSI claim in 2019, and it consolidated that claim with his initial claims, which stemmed from the same disabilities. The SSA regulations allow an ALJ to consider any issues relating to the claim, whether or not they were raised in earlier administrative proceedings. *See* 20 C.F.R. §§ 404.983(a), 416.1483(a). Considering the record before us, we conclude that the ALJ properly considered all the evidence from Weidner's claims to determine that Weidner was not disabled.

Thus, we affirm the district court's judgment.

**AFFIRMED.**