[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

————————————————

No. 24-11221

Non-Argument Calendar

————————————————

RACHEL GOODE,

Plaintiff-Appellant,

*versus*

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cv-02107-JRK

————————————————

Before ROSENBAUM, BRASHER, and TJOFLAT, Circuit Judges.

PER CURIAM:

Rachel Goode appeals from a magistrate judge's order affirming an administrative law judge's ("ALJ") denial of her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").[1] She argues that the ALJ violated the mandate rule and the law-of-the-case doctrine by making a new finding regarding her residual functional capacity ("RFC") instead of adopting the RFC findings from prior, vacated ALJ decisions. After careful review, we affirm.

## I.

Goode filed her initial DIB and SSI applications in 2011, alleging a disability onset date of January 30, 2011, in both applications. She claimed disability due to injuries from a motorcycle accident, lupus, depression, dizziness, and attention deficit disorder. The ALJ, after a hearing in which Goode and a vocational expert testified, issued a decision in 2013 finding that Goode was not disabled. As part of his assessment, the ALJ found that Goode had an RFC to perform light work and occasionally reach in all directions, including overhead with her right shoulder. The Appeals Council denied Goode's request for review.

Goode then sought review in the District Court. The Court reversed and remanded the matter to the Appeals Council for

---

[1] The parties consented to the Magistrate Judge's exercise of jurisdiction.

further proceedings.  And the Appeals Council in 2016 entered an order vacating the ALJ's decision and remanding the matter.  The Appeals Council directed the ALJ to consolidate Goode's claims with her newly filed DIB and SSI claims, create a single electronic record, and issue a new decision.

The ALJ issued his second decision in 2016.  He again found that Goode was not disabled.  And he again found that Goode had an RFC to perform light work.  But his second decision differed slightly because he determined that Goode should avoid more than occasional overhead reaching with her right arm.  The Appeals Council declined to assume jurisdiction over Goode's request for review.

Goode again sought review in the District Court.  When the District Court affirmed, Goode appealed to this Court.  We determined that the ALJ erroneously relied on flawed testimony of the vocational expert.  *Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1280–84 (11th Cir. 2020).  We therefore reversed the District Court's order and remanded with instructions that the matter be returned to the ALJ for further proceedings.  *Id.* at 1285.  The Appeals Council in 2021 then entered an order vacating the ALJ's second decision and remanding the matter to a new ALJ.  The ALJ was instructed to assess whether Goode was disabled between the disability onset date alleged in her 2011 applications and September 1, 2016.[2]

---

[2] Goode filed subsequent DIB and SSI claims in 2017, claiming an onset date of September 1, 2016.  The ALJ assessing these subsequent applications found that Goode was disabled as of this date.  All that remained to adjudicate was

In 2021, the new ALJ issued a third decision. The ALJ determined for a third time that Goode was not disabled. The ALJ again found that Goode had an RFC to perform light work, except that Goode could not frequently reach overhead to the right. When the Appeals Council declined jurisdiction over Goode's request for review, Goode filed another action in the District Court. The Court affirmed.

Goode timely appeals.

## II.

On appeal, Goode contends that the ALJs' second and third decisions exceeded the mandate of the District Court's first order and violated the law-of-the-case doctrine. The first ALJ's decision found that Goode was limited to occasional reaching in all directions, but the second and third decisions differed in their assessments of Goode's reaching capacity. Because the reversals of the first two decisions did not pertain to the initial RFC assessment, Goode claims that the changed RFC findings are reversible error.

Whether an ALJ has obeyed the remand order of an appellate court or complied with a mandate is a question of law that we review *de novo*. *Weidner v. Comm'r of Soc. Sec.*, 81 F.4th 1341, 1344 (11th Cir. 2023). We also "review[] the application of the law-of-the-case doctrine *de novo*." *Id.*

---

whether Goode was disabled as of her initial alleged disability onset date of January 30, 2011.

Our decision in *Weidner* compels us to affirm the District Court's order.  In *Weidner*, the ALJ initially found that the DIB and SSI applicant had an RFC to perform sedentary work.  *Id.* at 1343.  The applicant sought review in the District Court, which remanded to the Appeals Council for further consideration.  *Id.*  The Appeals Council vacated the ALJ's initial decision, and the subsequent ALJ found that the applicant had an RFC to perform light work with limitations.  *Id.* at 1344.  On appeal, we determined that the ALJ was not required to abide by the first RFC determination because the ALJ's earlier decision was vacated and without legal effect.  *Id.* at 1345.

Goode presents nearly identical circumstances in her appeal.  The District Court issued an order remanding to the Appeals Council, which then vacated the ALJ's first decision.  "[A]s a result of the vacatur, that decision lost its binding effect."  *Id.* (citing *United States v. Sigma Int'l, Inc.*, 300 F.3d 1278, 1280 (11th Cir. 2002) (per curiam)).  The same holds true for the ALJ's second decision, which the Appeals Council vacated after this Court reversed and remanded with instructions that the matter be returned to the ALJ for further proceedings.  "The sum result of these steps is that the ALJ was not required to abide by the prior RFC finding on remand."  *Id.*

Goode acknowledges the force of *Weidner* but argues that in *Weidner* we "reached the wrong result for the wrong reasons."  Nevertheless, we are bound by our prior-panel-precedent rule to follow our holding in *Weidner*.  *See Scott v. United States*, 890 F.3d

6                    Opinion of the Court                    24-11221

1239, 1257 (11th Cir. 2018).  Our decision there "bind[s] all subsequent panels unless and until the first panel's holding is overruled by the Court sitting en banc or by the Supreme Court." *Peterson v. Comm'r*, 827 F.3d 968, 987 n.30 (11th Cir. 2016).

Because the first two decisions concerning Goode's DIB and SSI applications were vacated, they were void and without legal effect.  Accordingly, the ALJ in the third decision was not bound to follow the RFC assessments in those vacated decisions.  We therefore affirm.

**AFFIRMED.**