[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

————————————————

No. 24-13575

Non-Argument Calendar

————————————————

KATHLEEN DILLON,

Plaintiff-Appellant,

*versus*

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:23-cv-01320-JRK

————————————————

Before BRASHER, DUBINA, and WILSON, Circuit Judges.

PER CURIAM:

Appellant Kathleen Dillon appeals the magistrate judge's order affirming administrative law judge ("ALJ") Lisa Raleigh's decision denying Dillon's application for a period of disability, disability insurance benefits, and supplemental security income. ("SSI"). Dillon argues that ALJ Raleigh exceeded the scope of a remand order issued in Dillon's prior district court appeal by determining that Dillon had the residual functional capacity ("RFC") for medium work, in contradiction to ALJ Joseph Dent's previous determination that she was restricted to light work, and thus violated the mandate rule. Having read the parties' briefs and reviewed the record, we affirm the magistrate judge's order denying Dillon's application for SSI.[1]

## I.

We review *de novo* the legal determinations made by the Commissioner of Social Security. *Weidner v. Comm'r of Soc. Sec.*, 81 F.4th 1341, 1344 (11th Cir. 2023). Additionally, we review *de novo* whether a tribunal complied with a mandate, including whether an ALJ obeyed the remand order of an appellate court. *Id.*

## II.

---

[1] The parties consented to a final decision by the magistrate judge. *See* 28 U.S.C. §636(c).

The law-of-the-case doctrine provides that an appellate court's factual findings and legal conclusions are binding in all subsequent proceedings in the same case. *Id.* at 1344-45. The doctrine directs the district court's discretion but does not limit that court's power. *Arizona v. California*, 460 U.S. 605, 618, 103 S. Ct. 1382, 1391 (1984). The mandate rule is one application of the law-of-the-case doctrine that compels a district court to execute an appellate court's mandate with strict compliance. *Weidner*, 81 F.4th at 1345. The district court may not alter or expand the mandate. *Id.* However, the district court may address, as a matter of first impression, issues the appellate court did not resolve either expressly or by necessary implication. *Transamerica Leasing, Inc. v. Inst. of London Underwriters*, 430 F.3d 1326, 1331 (11th Cir. 2005).

"[T]he law of the case doctrine does not apply to bar reconsideration of an issue when: (1) a subsequent trial produces substantially different evidence; (2) controlling authority has since made a contrary decision of law applicable to that issue; or (3) the prior decision was clearly erroneous and would work a manifest injustice." *Mega Life & Health Ins. Co. v. Pieniozek*, 585 F.3d 1399, 1405 (11th Cir. 2009) (quotation marks and citation omitted). Furthermore, "the law of the case doctrine cannot apply when the issue in question was outside the scope of the prior appeal." *Transamerica Leasing, Inc.*, 430 F.3d at 1332.

In *Weidner*, an ALJ initially made an RFC finding that Weidner could perform sedentary work but with additional limitations in a decision concluding that he was not disabled, which was

appealed, remanded, and vacated. 81 F.4th at 1343-44. On remand, the Appeals Council consolidated Weidner's newer claims with his previous claims and directed the ALJ to obtain supplemental evidence, provide Weidner with an additional opportunity for a hearing, and issue a new decision. *Id.* In the later decision again finding Weidner not disabled, the ALJ made an RFC finding that Weidner could perform light work but with additional limitations. *Id.* On appeal, Weidner argued that the ALJ was required to adopt the previous RFC finding under the mandate rule and law-of-the-case doctrine. *Id.* at 1344.

We noted that we had not directly addressed whether the law-of-the-case doctrine or mandate rule apply in social security cases. *See id.* at 1345. But we held that even if these doctrines applied in social security cases, they did not apply in Weidner's case. *Id.* We noted that "the earlier decision must still be extant" for these doctrines to apply and explained that vacated decisions "are officially gone," "have no legal effect whatever," and "are void." *Id.* (quotation marks omitted). We concluded that the ALJ in Weidner's proceeding was "free to reconsider Weidner's RFC because the 2018 [d]ecision was vacated," which meant it "lost its binding effect," and the district court made no additional factual findings. *Id.*

## III.

Dillon contends that ALJ Raleigh erred in denying her benefits because the ALJ was required to adopt the RFC findings that ALJ Dent made in 2018. Dillon asserts that the remand order did

not allude to the RFC finding but authorized the Commissioner to consider the conflict between the Vocational Expert's ("VE") testimony and the Dictionary of Occupational Titles ("DOT"). Dillon claims that under the mandate rule, ALJ Raleigh was barred from revisiting any issue expressly or impliedly decided that the Appeals Council did not instruct it to consider on remand.

We conclude from the record that the magistrate judge did not err in affirming the Commissioner's decision denying Dillon SSI benefits. Even assuming the mandate rule applies, ALJ Raleigh did not exceed the mandate of the remand order in determining that Dillon had the RFC for medium work. The remand order did not contain a prohibition on ALJ Raleigh's redetermination concerning Dillon's RFC because the Appeals Council had vacated ALJ Dent's decision without adopting ALJ Dent's RFC determination. In fact, the remand order instructed ALJ Raleigh to allow Dillon a hearing and an opportunity to present any further evidence in support of her application. On remand, contrary to Dillon's assertion, it did not limit the issue only to the conflict between the VE's testimony and the DOT. Dillon did provide over 3,000 pages of additional medical documentation. Thus, ALJ Raleigh's decision was based on more evidence over a longer period than ALJ Dent's decision.

Accordingly, based on the aforementioned reasons, we affirm the magistrate judge's order denying Dillon's application for a period of disability, disability insurance benefits, and SSI.

**AFFIRMED.**