**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 23-12479
Non-Argument Calendar
_____

SOUND AROUND, INC.,
a New York corporation,

*Plaintiff-Appellant,*

*versus*

DOUGLAS O'DONNELL,
an individual,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cv-23395-RNS
_____

———————————————

No. 25-10754
Non-Argument Calendar

———————————————

SOUND AROUND, INC.,
   a New York corporation,

                                                      *Plaintiff-Appellant,*

*versus*

HIALEAH LAST MILE FUND VII LLC,

                                                      *Defendant-Appellee,*

HIALEAH LAST MILE LLC,

                                                      *Defendant.*

———————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cv-20652-RNS

———————————————

Before JILL PRYOR, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

These consolidated appeals arise out of a failed real estate transaction involving Sound Around, Inc.; Hialeah Last Mile Fund VII LLC ("Fund VII"); and Hialeah Last Mile LLC ("HLM"). The parties' dispute, so far, has spawned abundant litigation, including two federal court actions and three appeals to this Court.

In the first federal lawsuit, which we refer to as *Sound Around I*, Sound Around sued Fund VII and HLM, seeking specific

performance of the parties' purchase agreement. While *Sound Around I* was pending, Sound Around filed a second federal lawsuit, which we call *Sound Around II*, against Douglas O'Donnell, who signed the purchase agreement on behalf of Fund VII. The district court dismissed *Sound Around II*, concluding that Sound Around had engaged in improper claim splitting. Sound Around appealed the dismissal of *Sound Around II*.

While that appeal was pending, the parties continued to litigate *Sound Around I*. The district court granted summary judgment to Sound Around, ordering specific performance of the purchase agreement. Fund VII and HLM appealed. In their appeal, we identified a potential jurisdictional defect and ordered a limited remand for the district court to determine whether there was diversity jurisdiction. On remand, the district court determined that complete diversity did not exist and dismissed the lawsuit. Sound Around appealed the dismissal.

The parties' dispute is presently before us on Sound Around's two appeals: In 25-10754, it challenges the district court's dismissal of *Sound Around I* for lack of subject matter jurisdiction, and in 23-12479, it challenges the district court's dismissal of *Sound Around II* based on improper claim splitting. After careful consideration, we affirm the district court's dismissal of *Sound Around I* for lack of subject matter jurisdiction. Because the district court never had jurisdiction in *Sound Around I*, it follows that the district court erred in dismissing *Sound Around II* for improper claim splitting. Thus, in *Sound Around II*, we vacate the district court's dismissal

and remand for consideration of the other issues raised in O'Donnell's motion to dismiss.

## I.

Although the procedural history of Sound Around's two federal lawsuits and the parties' three appeals is convoluted, the underlying facts of the parties' dispute are relatively straightforward. In 2021, Sound Around signed an agreement to buy a building in Miami that was owned by Fund VII and HLM. The agreement, which was signed by Sound Around and Fund VII, provided that the sellers would renovate the property, Sound Around would pay approximately $11 million for the renovated property, and the transaction would close after Miami-Dade County issued a certificate of completion for the building. O'Donnell, who signed the purchase agreement for Fund VII, allegedly had the authority to act on behalf of and bind both Fund VII and HLM.

Several months after the parties signed the purchase agreement, the sellers informed Sound Around that they were not moving forward with the transaction because of unanticipated problems that increased the cost of the renovation and made the transaction "commercially impractical." Doc. 65-11 at 2.[1] They stated that they would sell the property only if Sound Around paid millions of dollars more. Litigation followed.

---

[1] "Doc." numbers refer to the district court's docket entries in *Sound Around I*. "11th Cir. Doc." numbers refer to our Court's docket entries in appeal 23-12830.

In 2022, Sound Around sued Fund VII and HLM in the Southern District of Florida, alleging that they breached the purchase agreement. Even though HLM had not signed the purchase agreement, Sound Around asserted that HLM should be treated as a party to the agreement because it was left out of the agreement by mistake and O'Donnell had represented that HLM intended to be bound by the purchase agreement. Sound Around sought specific performance of the purchase agreement—to have Fund VII and HLM complete the renovations and convey the property.

In its complaint, Sound Around alleged that there was diversity jurisdiction because the parties were citizens of different states and the amount in controversy exceeded $75,000. The complaint alleged that Sound Around, a corporation, was a citizen of New York because it was incorporated and had its principal place of business there. And the complaint alleged that Fund VII and HLM, which were limited liability companies, were citizens of Delaware, where each entity was incorporated, and California, where each entity had its principal place of business. The complaint included no allegations about the citizenship of the members of Fund VII or HLM. Neither the defendants nor the district court in *Sound Around I* questioned whether these allegations were sufficient to establish subject matter jurisdiction. Instead, the case proceeded through discovery and to summary judgment.

Several months after filing the first lawsuit against Fund VII and HLM, Sound Around filed a second lawsuit against O'Donnell in the Southern District of Florida, bringing claims for fraud and

breach of warranty arising out of the failed real estate transaction. According to Sound Around, it learned for the first time that O'Donnell had engaged in fraud when Fund VII filed its summary judgment papers in *Sound Around I*. *Sound Around II* was assigned to the same district court judge as *Sound Around I*.

O'Donnell moved to dismiss in *Sound Around II*. He primarily argued that the action should be dismissed because Sound Around engaged in improper claim splitting by filing a separate lawsuit against him rather than raising all its claims in *Sound Around I*. He also asserted that the complaint should be dismissed because Sound Around failed to state a claim for relief and its claims were barred by Florida's litigation privilege.

The district court granted the motion to dismiss, addressing only the claim-splitting issue. It found that *Sound Around II* involved the same parties or their privies as *Sound Around I* and the two cases arose from the same nucleus of operative facts. Based on these findings, the court concluded that Sound Around had engaged in claim splitting and exercised its discretion to dismiss *Sound Around II* with prejudice. Sound Around filed a motion for reconsideration, which the district court denied. Sound Around appealed; its appeal was assigned case number 23-12479 in our Court.

While this appeal was pending, the parties continued to litigate *Sound Around I*. The court granted summary judgment to Sound Around. It concluded that HLM was a party to the purchase agreement and Fund VII and HLM had breached the agreement. The court then ordered Fund VII and HLM to perform their

obligations under the agreement. Fund VII and HLM appealed; their appeal was assigned case number 23-12830 in our Court.

In Fund VII and HLM's appeal, we issued a jurisdictional question. We observed that the complaint's allegations in *Sound Around I* appeared to be insufficient to establish diversity jurisdiction because Fund VII and HLM are limited liability companies, yet the complaint lacked any allegations about the citizenship of their members. We asked the parties to address whether the pleadings sufficiently alleged diversity jurisdiction. And, if the allegations were inadequate, we directed the parties to address whether the complaint should be amended on appeal or the record should be supplemented with additional evidence to demonstrate the parties' citizenship.

After we issued the jurisdictional question, the proceedings in the appeal multiplied. In its initial response, Sound Around argued that the complaint was sufficient to establish diversity jurisdiction because it alleged that the parties were citizens of different states. Sound Around also pointed out that Fund VII and HLM had agreed in their answers and in a pretrial stipulation that there was diversity jurisdiction.[2]

In their response, Fund VII and HLM asserted that the complaint failed to establish diversity jurisdiction because it lacked

---

[2] In its response, Sound Around moved for permission to amend its complaint to add allegations that neither Fund VII nor HLM had any members who were citizens of New York. It later withdrew this motion.

allegations about the citizenship of their members. Because Sound Around had failed to carry its burden, Fund VII and HLM requested that we vacate the district court's summary judgment order and instruct the district court to dismiss the action for lack of subject matter jurisdiction.

In the alternative, Fund VII and HLM filed a motion to submit evidence regarding jurisdiction. The evidence they sought to submit included a declaration from Jose Rojas, who was a member of HLM since 2019. In the declaration, Rojas stated that he was originally from New York, currently resided in New York, and was living in New York when *Sound Around I* was filed. He further stated that he was a legal resident of New York and that New York was where he was at home, where he returned after travel, and where he intended to remain permanently. Rojas also said that he owned personal and real property in New York, paid taxes in New York, had a New York driver's license, and registered his car in New York. Along with Rojas's declaration, Fund VII and HLM submitted a copy of the W-9 form Rojas submitted when he became a member of HLM, in which he listed a New York address.

Sound Around filed a reply to Fund VII and HLM's response. It complained about Fund VII and HLM's "eleventh-hour revelation" about HLM's citizenship, accusing Fund VII and HLM of having "lied to all parties involved (including the district court)" about HLM's citizenship and saying they engaged in "deception" and a "pattern of misconduct." 11th Cir. Doc. 20 at 4, 13.

In a separate response, Sound Around opposed Fund VII and HLM's motion to supplement. It argued that rather than allow them to supplement the record on appeal, we should remand the case to the district court for jurisdictional factfinding. Fund VII and HLM moved to strike Sound Around's reply and sought sanctions against Sound Around and its attorneys. Sound Around opposed these motions.

Confronted with the parties' many filings, a panel of this Court issued a short order remanding the case to the district court and disposing of all pending motions. We concluded that the allegations in Sound Around's complaint were insufficient to establish the citizenship of Fund VII or HLM. We nevertheless rejected Fund VII and HLM's request that we vacate the district court's order and direct the district court to dismiss for lack of jurisdiction. Instead, we remanded to the district court "for the limited purpose of determining the citizenship of the parties and whether diversity jurisdiction existed." 11th Cir. Doc. 36 at 4. We considered Fund VII and HLM's motion to supplement the record with materials including Rojas's declaration and other evidence, but we noted that Sound Around opposed the motion and was seeking jurisdiction-related discovery. We denied all pending motions, including the motion to supplement, "without prejudice to the parties seeking such relief on remand." *Id.*

After the case was remanded, Sound Around filed a third lawsuit arising out of the failed real estate transaction. This time, it

sued Fund VII and HLM in Florida state court. That case remains pending.

Upon remand, the district court in *Sound Around I* ordered the parties to conduct jurisdictional discovery about the citizenship of Fund VII and HLM. As it turns out, HLM had more than 45 members and some of those members were unincorporated entities. Fund VII had just one member—O'Donnell Last Mile Industrial Fund VII, LP. But that entity was itself a limited partnership with more than 85 partners, some of which were unincorporated entities.

As part of jurisdictional discovery, Sound Around sought both documents and depositions. It served document requests on Fund VII and HLM, seeking more than 30 categories of documents. Although Fund VII and HLM objected to many of the requests, they produced some documents, including operating agreements, partnership agreements, and registers of partners for Fund VII and HLM. They also turned over business records, tax records, and other documents related to the citizenship of eight members of HLM (including Rojas) who they asserted were New York citizens. According to Sound Around, Fund VII and HLM provided inadequate discovery responses and unnecessarily prolonged the conferral process. In contrast, Fund VII and HLM say that they produced documents sufficient to establish there was no jurisdiction and Sound Around used jurisdictional discovery as a fishing expedition to prolong the litigation.

23-12479              Opinion of the Court              11

About three months after the court ordered jurisdictional discovery, Fund VII and HLM moved to dismiss based on a lack of subject matter jurisdiction. They argued that there was not complete diversity because Sound Around was a citizen of New York and at least one member of HLM, Rojas, was a citizen of New York. HLM and Fund VII relied on the Rojas declaration and W-9 form that they had filed with this Court in response to our jurisdictional question. They also submitted new evidence, including a complete copy of the subscription agreement Rojas signed when he became a member of HLM in 2019. In the agreement, Rojas represented that he was a resident of New York and made the decision to invest in HLM while living in New York. And, when he signed this document, Rojas provided a New York address. Fund VII and HLM also argued that because the undisputed evidence already in Sound Around's possession established that complete diversity was lacking, there was no need for further discovery.

Sound Around opposed the motion to dismiss. It argued that Rojas's declaration was self-serving and thus unreliable. It asserted that under the mandate of the limited remand order, the district court could not decide whether it had subject matter jurisdiction until Fund VII and HLM provided discovery sufficient for the court to make findings about the citizenship of both Fund VII and HLM.

The district court granted the motion to dismiss. It determined that Rojas's declaration established that he was a citizen of New York at the time the complaint in *Sound Around I* was filed. Because HLM was a citizen of New York, the court concluded that

complete diversity was lacking. It rejected Sound Around's argument that it needed additional discovery to test the statements in Rojas's declaration. The court found that the assertions in the declaration were corroborated by other documents Fund VII and HLM had submitted. The court noted that Sound Around had "not presented a single fact or piece of evidence to contradict Mr. Rojas's assertion that he is domiciled in New York" and had not moved to compel his deposition. Doc. 164 at 5. Because there was not complete diversity, the district court concluded that it lacked subject matter jurisdiction and dismissed the case.

Sound Around moved for reconsideration. It argued that the limited remand order required the district court to determine the citizenship of Fund VII's member, which it had failed to do. It also asserted, for the first time, that to save the district court's order granting specific performance, the district court should dismiss the non-diverse defendant, HLM, pursuant to Federal Rule of Civil Procedure 21. Sound Around also sought sanctions against Fund VII and HLM because of their failure to comply with the court's order on jurisdictional discovery and demanded that the court order expedited discovery.

The district court denied the motion for reconsideration. It rejected Sound Around's argument that the limited remand order required the court to determine the citizenship of Fund VII even if HLM was non-diverse. The court refused to consider Sound Around's argument about Rule 21 because it was improper for

Sound Around to raise the argument for the first time in a motion for reconsideration.

The court also rejected Sound Around's request for sanctions or further discovery. Even though Fund VII and HLM "did not engage in jurisdictional discovery to the extent that [Sound Around] would have preferred," the court found that "they did enough to comply with [its] order." Doc. 170 at 4. The court also determined that Fund VII and HLM had not acted in bad faith in raising the jurisdictional issue at a late stage in the case, noting that we had flagged it. Sound Around appealed. This appeal was assigned case number 25-10754 in our Court.

After the district court dismissed *Sound Around I*, we, in turn, dismissed Fund VII and HLM's appeal in 23-12830. We explained that their appeal was moot because there was no longer a merits decision in *Sound Around I* to appeal. *See Sound Around, Inc. v. Hialeah Last Mile Fund VII LLC*, No. 23-12830, 2025 WL 1009435 at \*1 (11th Cir. Apr. 4, 2025) (unpublished). We then consolidated the two appeals from Sound Around that remain pending. Those appeals are now fully briefed and ripe for resolution.

## II.

We review *de novo* a district court's dismissal of a lawsuit for lack of subject matter jurisdiction. *See Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). "Where, as here, a district court has made jurisdictional factfindings of the parties' citizenships, we review them for clear error." *Id.* at 1269. Whether a district court "complied with a mandate is an issue of law" that we

review *de novo*. *Weidner v. Comm'r of Soc. Sec.*, 81 F.4th 1341, 1344 (11th Cir. 2023).

We review for abuse of discretion a dismissal based on improper claim splitting. *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 837 (11th Cir. 2017).

## III.

In these appeals, Sound Around raises two issues. First, it challenges the district court's dismissal of *Sound Around I* based on lack of subject matter jurisdiction. Second, it challenges the dismissal of *Sound Around II* based on improper claim splitting. We address each issue in turn.

## A.

Federal courts may exercise diversity jurisdiction in cases between citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "[T]he party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).

"Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1564 (11th Cir. 1994). When determining citizenship for diversity jurisdiction purposes, "a limited liability company, like a partnership, is a citizen of any state of which a member of the company is a citizen." *Mallory*

*& Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011) (citation modified). Because it is "common for [a limited liability company] to be a member of another" limited liability company, the "citizenship of [limited liability companies] often ends up looking like a factor tree that exponentially expands every time a member turns out to be another" partnership or limited liability company. *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017).

Here, the district court correctly concluded that there was not complete diversity in *Sound Around I*. Sound Around, the plaintiff, was a citizen of New York. HLM, one of the defendants, was a limited liability company. The district court found that Rojas, one of HLM's members, was a citizen of New York, and this determination was not clearly erroneous. It follows that HLM, too, was a citizen of New York.

On appeal, Sound Around does not dispute that if one of HLM's members was a citizen of New York, then there would not be complete diversity, and the district court lacked subject matter jurisdiction. It nevertheless argues that the district court erred in dismissing the case. It says that under this Court's limited remand order the district court needed to determine the citizenship of *both* HLM and Fund VII. Sound Around reasons that because the district court granted the motion to dismiss without making any determination about Fund VII's citizenship, it violated this Court's mandate.

The district court's order dismissing the case did not violate the mandate of our limited remand order. The law of the case doctrine generally "bars relitigation of issues that were decided, either explicitly or by necessary implication, in an earlier appeal of the same case." *United States v. Jordan*, 429 F.3d 1032, 1035 (11th Cir. 2005). The mandate rule is "an application of the law of the case doctrine to a specific set of facts." *Litman v. Mass. Mut. Life Ins.*, 825 F.2d 1506, 1511 (11th Cir. 1987) (en banc). When a district court acts under an appellate court's mandate, the court "cannot vary [the mandate], or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon a matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded." *Id.* at 1510–11 (citation modified). A district court "must implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion, and the circumstances it embraces." *Piambino v. Bailey*, 757 F.2d 1112, 1119 (11th Cir. 1985) (citation modified). Under the mandate rule, "an appellate decision on an issue must be followed in all subsequent trial court proceedings unless the presentation of new evidence or an intervening change in the controlling law dictates a different result, or the appellate decision is clearly erroneous and, if implemented, would work a manifest injustice." *Id.* at 1120.

Here, the district court did not violate the mandate rule when it granted the motion to dismiss without evaluating

23-12479            Opinion of the Court            17

Fund VII's citizenship.[3] We ordered a limited remand for the district court to determine "whether diversity jurisdiction existed." 11th Cir. Doc. 36 at 4. The district court followed this order when it evaluated Rojas's citizenship, found that he was a citizen of New York, and concluded that there was no complete diversity. After making this determination, the district court was not required to press on and determine the citizenship of each of HLM's more than 44 other members or each of the more than 85 partners of Fund VII's sole member.

Sound Around resists this reasoning, arguing that our limited remand order barred the district court from finding that Rojas's declaration established that he was a citizen of New York. According to Sound Around, because Fund VII and HLM sought to introduce the Rojas declaration on appeal in their motion to supplement and we did not dismiss the case at that point for lack of jurisdiction, our remand order meant that the Rojas declaration did not establish his citizenship and required the district court to rely on "more than the Rojas declaration to determine the parties' citizenship." Appellant's Br. 29.

To begin, Sound Around reads too much into our remand order. Our order stated that we denied *without prejudice* the parties' various motions, including Fund VII and HLM's motion to

---

[3] Sound Around's argument on appeal rests on the premise that the mandate rule applies when a motions panel of this Court orders a limited remand for the district court to determine whether there is complete diversity. We assume, without deciding, that the mandate rule applies in this circumstance.

supplement the record with Rojas's declaration. Importantly, we expressly directed that the parties could raise the motions again upon remand. Accordingly, nothing in our remand order barred the district court from concluding based on Rojas's declaration that there was no complete diversity.

Sound Around's argument is flawed for a second reason. It overlooks that Fund VII and HLM submitted additional materials to the district court about Rojas's citizenship that they had not previously submitted to us. The new materials included the complete subscription agreement that Rojas signed when he became a member of HLM in 2019, in which he provided a New York address, swore that he was a resident of New York, and affirmed that he made the decision to invest while residing in New York. In its order dismissing the action in *Sound Around I*, the district court found that this document, completed well before there was any question as to Rojas's citizenship, and other documents corroborated the statements in Rojas's declaration and supported a finding that he was a New York citizen. Especially given this additional evidence that was before the district court, we cannot say that its decision violated the mandate of our earlier remand order.

As a final argument, Sound Around asserts that the district court erred in deciding the jurisdictional issue before "meaningful jurisdictional discovery had taken place." *Id.* at 31. It is true that "parties have a qualified right to jurisdictional discovery," and a district court "abuses its discretion if it completely denies a party jurisdictional discovery." *ACLU of Fla., Inc. v. City of Sarasota*, 859 F.3d

1337, 1341 (11th Cir. 2017) (citation modified). But the record reflects that Sound Around received some jurisdictional discovery from Fund VII and HLM in response to its document requests, meaning there was no complete denial of jurisdictional discovery. And with the evidence that Rojas was a New York citizen, we cannot say that the district court abused its discretion when it concluded that additional jurisdictional discovery was unnecessary. We affirm the district court's dismissal of the action in *Sound Around I* for lack of subject matter jurisdiction.[4]

### B.

We now turn to the second issue before us: whether the district court erred in dismissing *Sound Around II* based on the rule against claim splitting.

The claim-splitting doctrine generally "requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit." *Vanover*, 857 F.3d at 841 (citation modified). Under the doctrine, when a plaintiff files a second action asserting claims arising out of the same set of facts as its first action "before the first suit has reached a final judgment," a district court may dismiss the second action. *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1236 (11th Cir. 2021). "The doctrine serves to promote judicial economy and shield parties from vexatious and duplicative litigation while

---

[4] To the extent that Sound Around raises other arguments on appeal challenging the dismissal of *Sound Around I* or the court's denial of its motion for reconsideration in that case, we conclude that those challenges lack merit.

empowering the district court to manage its docket." *Id.* (citation modified).

Here, the district court in *Sound Around II* applied the claim-splitting doctrine to dismiss that action after finding that *Sound Around II* involved the same parties and their privies as *Sound Around I* and the two cases arose from the same nucleus of operative facts. But because the district court in *Sound Around I* lacked subject matter jurisdiction,[5] the rule against claim splitting could not have barred the action in *Sound Around II*. *See Borrero v. United Healthcare of N.Y., Inc.*, 610 F.3d 1296, 1307 (11th Cir. 2010) ("It is well-established that the general rule against splitting causes of action does not apply when suit is brought in a court that does not have jurisdiction over all of a plaintiff's claims." (citation modified)). The district court therefore erred in concluding that Sound Around engaged in improper claim splitting here.

O'Donnell urges us to affirm the district court's judgment on the alternative grounds that Sound Around failed to state a claim for relief against him or its claims are barred by Florida's

---

[5] We acknowledge that, as an appellate court, we generally are limited to considering the "evidence that was part of the record before the district court." *Stephens v. Tolbert*, 471 F.3d 1173, 1177 (11th Cir. 2006) (citation modified). But we are "free to take judicial notice of subsequent developments in cases that are a matter of public record and are relevant to the appeal." *Rothenberg v. Sec. Mgmt. Co.*, 667 F.2d 958, 961 n.8 (11th Cir. 1982). We thus consider the district court's order dismissing *Sound Around I* based on lack of subject matter jurisdiction, even though it was issued after the notice of appeal was filed in *Sound Around II*.

litigation privilege. Because the district court never reached these issues, the better course is to return the case to the district court so that it may address them in the first instance. *See United States ex rel. Sedona Partners LLC v. Able Moving & Storage Inc.*, 146 F.4th 1032, 1046 (11th Cir. 2025). Accordingly, we vacate the district court's dismissal of the action in *Sound Around II*.

## IV.

In sum, when Sound Around filed its complaint in *Sound Around I*, its allegations were insufficient to establish the citizenship of Fund VII or HLM, which were limited liability companies. Because neither the parties nor the district court noticed this error, they proceeded to litigate *Sound Around I* with the district court eventually ordering that Sound Around was entitled to specific performance. And when Sound Around filed a second action against O'Donnell in *Sound Around II*, the district court relied on *Sound Around I* to conclude that the claim-splitting doctrine barred the action.

As it turns out, all this was error. These cases once again illustrate that "[i]t is in everyone's best interest, both the litigants' and the courts', to verify that diversity jurisdiction exists before proceeding with the case." *Purchasing Power*, 851 F.3d at 1220. When the parties fail to take this basic step, they run the risk, as happened here, that after much litigation it will be discovered that there was no subject matter jurisdiction.

In 25-10754, we affirm the district court's dismissal in *Sound Around I* for lack of subject matter jurisdiction. And in 23-12479, we

vacate the district court's dismissal in *Sound Around II* and remand for further proceedings.

**For 25-10745, AFFIRMED. For 23-12479, VACATED and REMANDED.**